# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
December 27, 2016

*In re* S. J. LEGREAIR, Minor.

No. 332546
Wayne Circuit Court
Family Division
LC No. 15-521397-NA

*In re* C. O. PRICE-MCMILLEN, Minor.

No. 332547
Wayne Circuit Court
Family Division
LC No. 15-520679-NA

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

In Docket No. 332546, respondent-father appeals as of right an order terminating his parental rights to minor child SJL, pursuant to MCL 712A.19b(3)(b)(*i*) (child's sibling has suffered sexual abuse, the parent's act caused the abuse, and there is a reasonable likelihood that the child will suffer from sexual abuse in the foreseeable future if placed in the parent's home), (g) (the parent failed to provide proper care and custody), (h) (the parent is imprisoned for such a period that the child will be deprived of a normal home for more than two years), (j) (there is a reasonable likelihood of harm if the child is returned to the parent's custody), and (n)(*ii*) (the parent was convicted of a listed offense and continuation of the parent-child relationship would be harmful to the child).[1] In Docket No. 332547, respondent appeals as of right an order terminating his parental rights to minor child COP on the same grounds. We affirm.

---

[1] The order terminating respondent's parental rights to SJL indicates that the statutory bases for termination were MCL 712A.19b(3)(i) as well as MCL 712A.19b(3)(g), (h), (j), and (n)(*ii*). A review of the record reveals that the inclusion of MCL 712A.19b(3)(i) as a statutory ground for termination was a typographical error. The trial court clearly stated at the conclusion of the termination hearing that it was terminating respondent's parental rights to SJL on the same statutory grounds as those supporting termination of respondent's parental rights to COP (*i.e.*,

-1-

## I. FACTUAL BACKGROUND

This case arises from a complaint received by Child Protective Services ("CPS") on May 4, 2015, regarding allegations that respondent sexually abused then thirteen-year-old TP. CPS worker Edlena Tatum received the complaint and conducted an investigation during which she spoke with TP, TP's mother, and respondent, who had been in a relationship with TP's mother. Through her investigation, Tatum learned that TP told her mother that respondent penetrated TP with his penis and his fingers in respondent's home while TP's mother and four-year-old COP (TP's half-sister, a daughter whom TP's mother had with respondent) were present in the residence. When TP told her mother what had happened, her mother immediately took her to the hospital, where physical evidence of sexual assault was discovered and CPS was contacted. Respondent denied the allegations of sexual abuse, but Tatum referred the matter to the police. Respondent was arrested in June 2015 and was later charged in Wayne County with three counts of first-degree criminal sexual conduct ("CSC I") and three counts of third-degree criminal sexual conduct ("CSC III").

In September 2015, Tatum filed a petition on behalf of petitioner, the Department of Health and Human Services ("DHHS"), seeking termination of respondent's parental rights to COP pursuant to MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*) (parent abused a sibling and the abuse included criminal sexual conduct involving penetration), and (k)(*ix*) (parent abused a sibling and the abuse included sexual abuse as defined in section 3 of the child protection law, MCL 722.622), primarily based on the alleged sexual abuse of TP. The petition also alleged that CPS had prior contact with the family in 2006, and that respondent had an extensive criminal history, including convictions for drug offenses, prison escape, drunk driving causing serious injury, and domestic violence. The petition was authorized following a preliminary hearing. COP remained in her mother's care.

At some point between October and November 2015, DHHS learned that respondent had effectively abandoned another child, then 13-year-old SJL, who lived with his mother.[2] In December 2015, CPS worker Lisa Johnson filed a petition on behalf of DHHS seeking termination of respondent's parental rights to SJL pursuant to MCL 712A.19b(3)(a)(*ii*) (the child has been deserted for 91 or more days and the parent has not sought custody during that period), (b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). In addition to the allegations previously discussed, DHHS alleged that respondent had not visited SJL since 2008, the time at which respondent first learned that SJL was his child, and that respondent had failed to pay child support for SJL, resulting in approximately $20,000 in arrears. Following an adjourned preliminary hearing, the petition was authorized, and SJL remained in his mother's care. Later, the two termination cases were consolidated.

---

MCL 712A.19b(3)(b)(*i*), (g), (h), (j), and (n)(*ii*)). Additionally, MCL 712A.19b(3)(i), which requires proof of a prior termination based on abuse or neglect, was inapplicable in SJL's case and was not a statutory ground listed in the petition for permanent custody of SJL. Therefore, we will address respondent's appeal as a termination of his parental rights under MCL 712A.19b(3)(b)(*i*), (g), (h), (j), and (n)(*ii*).

[2] SJL and COP have different mothers.

In January 2016, respondent was convicted, following a jury trial, of three counts of CSC I. After the termination proceedings were adjourned for various reasons, the parties appeared for the combined adjudication and termination hearing in March 2016.[3] At the beginning of the hearing, the trial court took judicial notice of respondent's recent criminal convictions and his sentences of 30 to 45 years' imprisonment for those convictions. Petitioner then presented testimony from CPS workers Tatum and Johnson. Respondent did not take the stand, but he presented testimony from three of his adult children regarding their relationship with respondent and their knowledge of respondent's relationship with COP and the other members of COP's family.

At the close of testimony, petitioner indicated that, based on the evidence presented, it was seeking termination of respondent's rights to both COP and SJL under MCL 712A.19b(3)(b)(*i*), (g), (h), (j), and (n)(*ii*), rather than the grounds listed in the petitions. Respondent objected, arguing that the grounds should be limited to those presented in the petitions, but the trial court allowed the late amendment.[4] Ultimately, the trial court found that it could exercise jurisdiction over both children. It then proceeded to present its factual findings with regard to the statutory grounds for termination and the best interests of the children. It focused heavily on respondent's recent CSC I convictions, noting that the convictions demonstrated that respondent could not provide proper care and that the children would be in danger, physically and emotionally, if respondent retained his parental rights. The court also noted respondent's lengthy criminal history, his lack of respect for the court and other "authority,"[5] respondent's incarceration and inability to provide a home, and respondent's failure to provide monetarily for any of his children, including COP and especially SJL. Based on these findings, the trial judge found that clear and convincing evidence had been presented to support termination of respondent's parental rights under each of the five statutory grounds identified by petitioner at the hearing. It also concluded that termination of respondent's parental rights was in the best interests of both children.

Subsequently, consistent with its ruling on the record, the trial court entered orders terminating respondent's rights to the minor children. Both children remained in the custody of their respective mothers.

## II. STATUTORY GROUNDS FOR TERMINATION

---

[3] Despite his earlier request to be physically present at the hearing, respondent appeared via video conference due to the fact that he was imprisoned outside of Wayne County. The trial court denied respondent's renewed request to be physically present for the hearing and denied his delayed request for a jury. Additionally, the trial court denied the request made by respondent's counsel to withdraw.

[4] Respondent does not challenge the amendment on appeal.

[5] Respondent personally interrupted and challenged the trial court at various times throughout the termination hearing.

Respondent first argues that the trial court clearly erred when it concluded that statutory grounds for termination of his parental rights to both SJL and COP had been established by clear and convincing evidence. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

In order to terminate parental rights, the trial court must find that a statutory basis for termination under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding is clearly erroneous [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (quotation marks and citation omitted; alteration in original).

## B. ANALYSIS

### 1. DOCKET NO. 332547 (COP)

The trial court did not clearly err in finding that petitioner had demonstrated by clear and convincing evidence that termination of respondent's parental rights to COP was proper under MCL 712A.19b(3)(b)(*i*).[6]

"Termination is appropriate pursuant to MCL 712A.19b(3)(b)(*i*) if the child or a sibling of the child has suffered sexual abuse and '[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.' " *In re Hudson*, 294 Mich App 261, 265; 817 NW2d 115 (2011).

During the pendency of the child protective proceedings, a jury convicted respondent of three counts of CSC I involving sexual penetration of COP's 13-year-old biological half-sibling. The circumstances of the crime support the trial court's conclusion that respondent posed an ongoing risk to COP, who was five years old during the termination hearing. *In re Jenks*, 281 Mich App 514, 517-518; 760 NW2d 297 (2008) (explaining that it is not clearly erroneous to conclude, based on a respondent's sexual abuse involving penetration of a child, that other

---

[6] As petitioner concedes in its brief on appeal, the trial court improperly terminated respondent's parental rights to SJL, who shared no legal or biological parent with TP, under MCL 712A.19b(3)(b)(*i*). See *In re Hudson*, 294 Mich App 261, 265-266; 817 NW2d 115 (2011) (reasoning that a "sibling," for purposes of MCL 712A.19b(3)(b)(*i*), is a person with whom a child shares at least one parent). However, this error was harmless given the fact that termination of respondent's rights to SJL was supported by several other statutory grounds, and only one statutory ground is necessary for termination. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

children would be at risk of similar injury or abuse if placed in the respondent's care). Although the victim, TP, was not respondent's biological child, the testimony presented at the termination hearing indicated that respondent had a parent-child relationship with TP—who had stayed with him in the past for months at a time, along with COP and the girls' mother and possibly other children—and that respondent treated TP no differently than his own children. Under the doctrine of anticipatory neglect or abuse, "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001) (quotation marks and citation omitted; alteration in original). Analogously, then, the trial court did not clearly err when it found that there was a reasonable likelihood that COP, another young girl in respondent's care, may suffer the same type of abuse as that perpetrated by respondent with regard to TP, if respondent retained his parental rights. See *In re Hudson*, 294 Mich App at 265 (applying similar reasoning in the context of sexual abuse).

Contrary to respondent's claim, the fact that respondent is currently imprisoned pursuant to a 30- to 35-year sentence does not negate the risk of future injury or abuse if respondent maintains his parental rights to COP. See *id*. at 266 (rejecting a similar argument). As respondent indicates in his brief on appeal, there is a possibility that his incarceration "may not be as long as the actual sentence handed down."[7] Respondent's early release, however unlikely, would pose a substantial risk of harm to COP if his parental rights were not terminated. Further, respondent's incarceration does not negate the emotional damage that COP has experienced thus far and may experience in the future, especially if respondent retained his parental rights and maintained contact with COP, given the nature of respondent's offenses and resulting incarceration. See *id*.

Thus, the trial court did not clearly err when it terminated respondent's parental rights to COP under MCL 712A.19b(3)(b)(*i*).[8]

2. DOCKET NO. 332546 (SJL)

Termination of respondent's parental rights to SJL was proper under MCL 712A.19b(3)(h). In *In re Mason*, 486 Mich at 160-161, the Michigan Supreme Court explained:

MCL 712A.19b(3)(h) authorizes termination only if each of three conditions is met:

The parent is imprisoned for such a period that [1] the child will be deprived of a normal home for a period exceeding 2 years, *and* [2]

---

[7] Respondent's appeal of his CSC I convictions is currently pending before this Court.

[8] Given the existence of at least one statutory ground for termination of respondent's parental rights to COP, we need not consider the additional grounds upon which the trial court based its decision. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). However, we have reviewed the trial court's ruling and agree that termination also was proper, at the very least, under MCL 712A.19b(g), (h), and (j). See *In re Hudson*, 294 Mich App at 266-268.

the parent has not provided for the child's proper care and custody, *and* [3] there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age. [Quotation marks omitted.]

It is clear from the length of respondent's sentence that the first condition is met in this case. Respondent argues that he may not be incarcerated for the full length of his current sentence—30 to 45 years starting February 2016—but there is certainly no guarantee that he will serve fewer years than the minimum sentenced imposed. Barring exceptional circumstances or a successful appeal, respondent will be in prison until, at the very least, 2046. If respondent is released after serving the minimum sentence, SJL will be 45 years old, and COP will be 35 years old. As such, under the facts as they stand, both children will be well into adulthood before respondent will be in a position to provide a normal home for them.

With regard to the second and third conditions, respondent owed $20,000 in child support for SJL prior to the termination hearing, and respondent admitted to Johnson that he had never provided any form of support for the child. Moreover, SJL had lived with his mother his entire life, and respondent had not visited him in the eight years that respondent had been aware that he was his son. Given the fact that respondent had absolutely no involvement in SJL's care or custody before his incarceration, and the fact that he will be incarcerated—and, therefore, unable to provide a normal home—for the rest of SJL's childhood, the trial court did not clearly err in concluding that respondent has not provided for SJL's proper care or custody and there is no reasonable expectation that he will be able do so in a reasonable time. See MCL 712A.19b(3)(h); *In re Mason*, 486 Mich at 160-161.

Accordingly, the trial court did not clearly err in concluding that a statutory ground for termination of respondent's parental rights to SJL under MCL 712A.19b(3)(h) had been established by clear and convincing evidence.[9]

## III. BEST INTERESTS

Next, respondent argues that the trial court clearly erred when it determined that termination of his parental rights was in COP's and SJL's best interests. Again, we disagree.

## A. STANDARD OF REVIEW

We review for clear error a trial court's best-interest determination. *In re White*, 303 Mich App at 713, citing MCR 3.977(K). "A finding is clearly erroneous [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

---

[9] Again, because termination of respondent's parental rights to SJL was proper on this ground, we need not consider the additional grounds upon which the trial court based its decision. *In re HRC*, 286 Mich App at 461. But, once again, we have reviewed the trial court's ruling and agree that termination also was proper, at the very least, under MCL 712A.19b(g) and (j) with regard to SJL. See *In re Hudson*, 294 Mich App at 266-268.

conviction that a mistake has been made." *In re Mason*, 486 Mich at 152 (quotation marks and citation omitted; alteration in original).

## B. ANALYSIS

Pursuant to MCL 712A.19b(5), "[t]he trial court must order the parent's rights terminated if the [petitioner] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the child['s] best interests." *In re White*, 303 Mich App at 713 (footnotes omitted). When a court makes a best-interest determination, it should weigh all available evidence, *id.*, and its focus should be on the child rather than the parent, *In re Moss*, 301 Mich App at 86-87.

> To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (footnotes omitted); see also *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).]

Additionally, a parent's history of child abuse, see *In re Powers Minors*, 244 Mich App 111, 120; 624 NW2d 472 (2000), and a parent's criminal history, see *In re LE*, 278 Mich App 1, 25; 747 NW2d 883 (2008), may be considered in determining a child's best interests.

We are not definitely and firmly convinced that the trial court made a mistake when it found that termination of respondent's parental rights was in the children's best interests. See *In re Mason*, 486 Mich at 152.

The trial court mentioned several considerations in determining COP's best interests, including her need for permanency, the fact that respondent will be incarcerated for 30 to 45 years, and its conclusion that respondent would have a negative effect on COP if he were able to communicate with her during his incarceration based on his criminal history. The trial court properly relied on evidence of respondent's criminal history and his inability to provide permanency in light of his lengthy incarceration. Given the fact that respondent would likely be imprisoned for the duration of COP's childhood and young adult life, the child's needs of permanency and finality weighed in favor of termination. The trial court also appropriately noted that a continued relationship between respondent and COP could be mentally and emotionally harmful to her under the circumstances and, therefore, was not in the child's best interests. Although there was evidence presented at the termination hearing regarding the bond between respondent and five-year-old COP, the child's bond with respondent is but one factor to be considered in the best-interest determination. See *In re Olive/Metts*, 297 Mich App at 41-42. Likewise, respondent's positive parenting history with his adult children does not outweigh the significant risks to COP given the circumstances surrounding his sexual abuse of TP.

With regard to SJL, the trial court found that he "needs permanency in his life, needs to be able to move on with his life[,] and the [c]ourt feels that it would be in the child's best interest to terminate the parental rights of [respondent] so that permanency with the mother can be established and that the family can move on[.]" In so finding, the trial court properly considered SJL's need for permanency and stability and the fact that an ongoing relationship with respondent could be harmful to SJL. Additionally, the trial court's conclusion was strongly supported by evidence presented at trial that SJL did not know respondent as his father, could not remember the last time that he had seen respondent, and had no bond with respondent. Likewise, as previously discussed, respondent never provided any form of support for SJL, and he owed $20,000 in child support to SJL's mother.

Furthermore, the trial court's best-interest finding with respect to both children was supported by the fact that respondent had recently been convicted of sexual abuse involving a child with whom respondent had a parental relationship. Accordingly, the trial court did not clearly err in concluding that it would be contrary to the children's best interests to continue a relationship with respondent, however limited. Both children deserve a safe and stable living environment, removed from any threat of abuse or unnecessary emotional stress.

On appeal, respondent essentially argues that termination of his parental rights was not in the children's best interests because he is capable of maintaining a relationship with them over the telephone or by mail during his incarceration, as demonstrated by his adult children's testimony regarding the relationship that he maintained with them during his previous incarcerations. This argument appears self-interested rather than focused on the children's needs, cf. *In re Moss*, 301 Mich App at 86-87, and it is apparent that the children's need for permanency and stability outweighs respondent's desire to maintain a relationship with COP, or initiate a relationship with SJL. Respondent also emphasizes the testimony provided by his adult children regarding respondent's positive relationship with them throughout their childhood and their lack of knowledge regarding any inappropriate interactions with, or mistreatment of, COP and SJL. Again, given the other evidence in the record, this testimony does not undermine the trial court's finding that termination was in the best interests of the children.

Therefore, the trial court did not clearly err in concluding that termination of respondent's parental rights was in the best interests of both COP and SJL. See *In re Mason*, 486 Mich at 152.[10]

---

[10] Within the argument section of his claims regarding the statutory grounds for termination and the trial court's best-interest findings, respondent briefly raises, in three sentences, arguments regarding his attorney's motion to withdraw at the termination hearing, his untimely request for a jury trial, and his request, on the day of the termination hearing, to be physically present instead of present via videoconferencing. Because respondent failed to raise these arguments in his statement of the questions presented and failed to sufficiently brief these claims by citing supporting authority and adequately analyzing his claims, we deem them abandoned. See MCR 7.212(C)(5); *In re ASF*, 311 Mich App 420, 440; 876 NW2d 253 (2015); *In re TK*, 306 Mich App 698, 712; 859 NW2d 208 (2014).

## IV. CONCLUSION

Respondent has failed to establish that the trial court clearly erred in finding that a statutory basis for termination of his parental rights had been established by clear and convincing evidence, or in finding that termination was in the best interests of the children.

Affirmed.

/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan