*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. L. JORDAN, Minor.

UNPUBLISHED
March 10, 2022

Nos. 357590; 357592
Wayne Circuit Court
Family Division
LC No. 2019-000829-NA

Before: GADOLA, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

In Docket No. 357590, respondent mother appeals as of right the trial court's order terminating her parental rights to her child, SLJ, under MCL 712A.19b(3)(b)(*ii*) (parent failed to protect child from sexual abuse and there is a reasonable likelihood of future abuse), (g) (parent failed to provide care and custody), (i) (parental rights to one or more siblings terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful), and (j) (reasonable likelihood that child will be harmed if returned to parent). In Docket No. 357592, respondent father appeals as of right the trial court's order terminating his parental rights to his child, SLJ, under MCL 712A.19b(3)(b)(*i*) (parent's act caused sexual abuse and the court finds likelihood that child may suffer from injury in the foreseeable future if placed in parent's home), (g), (j), (k)(*ii*) (criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate committed by parent against child or child's sibling), and (k)(*ix*) (sexual abuse of a child). This Court consolidated these appeals. *In re SLJ, Minor*, unpublished order of the Court of Appeals, June 29, 2021 (Docket Nos. 357590 and 357592). For the reasons set forth in this opinion, we affirm.[1]

## I. BACKGROUND

Prior to respondent mother giving birth to SLJ, the trial court entered an order terminating her parental rights to SLJ's half-siblings, LCM and ASM, under MCL 712A.19b(3)(b)(*ii*) and (j) for "failing to protect her children from continued sexual abuse and inappropriate contact with

---

[1] This Court received filings solely from respondents. No other party to this action filed any documentation with this Court.

sexual predators." Respondent father was alleged to have sexually abused LCM and was included as a nonparent respondent in the case. Respondent mother appealed, and this Court affirmed the trial court's order terminating her parental rights to LCM and ASM under MCL 712A.19b(3)(b)(*ii*) and (j). *In re Massey/McIntyre Minors*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2020 (Docket No. 350741), p 1.

Following SLJ's birth, petitioner filed a permanent custody petition asserting that the trial court should exercise jurisdiction over SLJ, enter an order removing SLJ from respondents' home, and terminate respondents' parental rights. The trial court authorized the petition, and SLJ was placed in relative foster care in the home of his paternal grandmother. Following several scheduling delays caused by the COVID-19 pandemic, the trial court held a combined adjudicatory hearing and termination hearing during which the trial court took judicial notice of the case file in the matter regarding the termination of respondent mother's parental rights to LCM and ASM. The trial court also took judicial notice of this Court's unpublished opinion in *In re Massey/McIntyre, Minors*, unpub op at 1-6. During the hearing, petitioner presented evidence that respondent mother and respondent father continued to reside together and failed to attend scheduled visits with SLJ on a consistent basis. Ultimately, the trial court held that there were grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(b)(*ii*), (g), (i), and (j), and there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). The trial court also held that terminating respondents' parental rights was in SLJ's best interests under MCL 712A.19b(5). This appeal followed.

## II. ANALYSIS

On appeal, respondents argue that the trial court clearly erred when it determined that there were statutory grounds to terminate their parental rights to SLJ.

In order to terminate parental rights, a trial court must find that a statutory ground has been established by clear and convincing evidence. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). The trial court's findings regarding statutory grounds are reviewed for clear error. *Id*. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (citation and quotation marks omitted).

## A. RESPONDENT MOTHER

Respondent mother argues that the trial court clearly erred when it determined that there were statutory grounds to terminate her parental rights under MCL 712A.19b(3)(b)(*ii*), (g), (i), and (j). We hold that the trial court clearly erred when it determined that there was a statutory ground to terminate respondent mother's parental rights under MCL 712A.19b(3)(g) but did not clearly err when it determined that there were statutory grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(b)(*ii*), (i), and (j).

## 1. MCL 712A.19b(3)(b)(*ii*)

The trial court did not clearly err when it determined that there were grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(b)(*ii*). Termination of parental rights is appropriate under MCL 712A.19b(3)(b)(*ii*) if the child or sibling[2] of the child has suffered physical injury or sexual abuse, and "[t]he parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home." In the present case, the trial court previously determined that respondent father sexually abused SLJ's half-sister, LCM, respondent mother admitted that she was aware of the sexual abuse, however respondent mother allowed respondent father to remain in her home with LCM. The trial court took judicial notice of the prior case file as well as this Court's unpublished opinion in *In re Massey/McIntyre Minors*, unpub op at 1-6, and held that relitigation of the issue concerning the alleged instances of sexual abuse was barred by the doctrine of res judicata.[3] Thus, the record reflects that SLJ's sibling suffered sexual abuse, and respondent mother had the opportunity to prevent the sexual abuse but failed to do so. Furthermore, respondent mother acknowledged that she maintained a romantic relationship with respondent father after learning of the sexual abuse. Respondent mother allowed SLJ to live in the same home with respondent father after her birth. Although respondent mother maintained that her romantic relationship with respondent father had since ended, multiple witnesses testified that respondent mother still resided with respondent father. Considering that "how a parent treats one child is certainly probative of how that parent may treat other children[,]" *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (quotation marks, citations, and brackets omitted), the record reflects that there was a reasonable likelihood that SLJ would suffer sexual abuse in the foreseeable future if placed in the home respondent mother shared with respondent father. Therefore, the trial court did not clearly err when it determined that there were grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(b)(*ii*).

Only one statutory ground needs to be established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Therefore, termination of respondent mother's parental rights was appropriate based upon MCL 712A.19b(3)(b)(*ii*). Nonetheless, we will address the additional statutory grounds for termination.

## 2. MCL 712A.19b(3)(g)

The trial court clearly erred when it terminated respondent mother's parental rights under MCL 712A.19b(3)(g). A trial court may terminate parental rights under MCL 712A.19b(3)(g) if the court finds by clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). When the trial court addressed MCL 712A.19b(3)(g), it made no factual findings regarding respondent mother's

---

[2] The term "sibling" is not defined in MCL 712A.1. Nonetheless, this Court explained in *In re Jenks*, 281 Mich App 514, 517; 760 NW2d 297 (2008), that MCL 712A.19b(3)(b) "clearly encompasses" the sexual abuse of a child's half-sibling.

[3] Respondent mother does not assert that such actions were erroneous.

financial ability to care for SLJ. In fact, much of respondent mother's appeal focuses on her ability and willingness to financially provide for the minor child. Evidence was submitted by respondent mother and others indicating that there were ample baby supplies purchased for the minor child. However, in the absence of any findings of fact by the trial court, the trial court improperly concluded that termination was appropriate under MCL 712A.19b(3)(g). Nevertheless, this error is harmless because only one statutory ground needs to be established to support the termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich at 90.

### 3. MCL 712A.19b(3)(i)

The trial court did not clearly err when it determined that there were grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(i). A trial court may terminate parental rights under MCL 712A.19b(3)(i) if it finds by clear and convincing evidence that an individual's "parental rights to [one] or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights." MCL 712A.19b(3)(i). As previously indicated, the trial court determined that respondent father sexually abused SLJ's half-sister, LCM, respondent mother admitted that she was aware of the sexual abuse, and respondent mother allowed respondent father to remain in her home with LCM. Respondent mother's parental rights to LCM were terminated due to respondent mother's failure to protect LCM from sexual abuse committed by respondent father. Respondent mother acknowledged that she maintained a romantic relationship with respondent father after learning of the sexual abuse. Additionally, respondent mother allowed SLJ to live in the same home with respondent father after her birth. Although respondent mother maintained that her romantic relationship with respondent father had since ended, multiple witnesses testified that respondent mother still resided with respondent father. Although respondent mother contends on appeal, as she did in the trial court, that she is "looking for a new home," it has been nearly three years (April 2019) since DHHS took custody of her other minor children because one of them was sexually molested and respondent mother continues to leave with the person she admits sexually molested her minor child. Her assertion that she is "planning to move" rings hollow and because respondent mother still resided with respondent father despite her belief that respondent father sexually abused LCM, respondent mother failed to rectify the conditions that led to the prior termination of parental rights. Therefore, contrary to respondent mother's dubious contention that she is planning to move away from respondent father, the record clearly reveals that the trial court did not clearly err when it determined that there were grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(i).

### 4. MCL 712A.19b(3)(j)

The trial court did not clearly err when it determined that there were grounds to terminate respondent mother's parental rights under MCL 712A.19b(3)(j). A trial court may terminate parental rights under MCL 712A.19b(3)(j) if its finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). Under MCL 712A.19b(3)(j), harm can include either physical or emotional harm. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). As previously indicated, the trial court determined that respondent father sexually abused SLJ's half-sister, LCM, respondent mother

-4-

admitted she was aware of the sexual abuse, and respondent mother allowed respondent father to remain in her home with LCM. Respondent mother acknowledged that she maintained a romantic relationship with respondent father after learning of the sexual abuse. Additionally, respondent mother allowed SLJ to live in the same home with respondent father after her birth. Although respondent mother maintained that her romantic relationship with respondent father had since ended, multiple witnesses testified that respondent mother still resided with respondent father. Because respondent mother still resided with respondent father despite her belief that respondent father sexually abused LCM, there was a reasonable likelihood, based on respondent mother's conduct or capacity as a parent, that SLJ would be harmed if she was returned to respondent mother's home. Moreover, Brownlee testified that respondent mother participated in five out of 31 scheduled visits with SLJ since Brownlee was assigned to the case in October 2020. Respondent mother's failure to participate in scheduled visitation on a regular basis provides evidence that SLJ would be harmed if she were returned to respondent mother's home. Therefore, the record reflects that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(j).

## B. RESPONDENT FATHER

We glean from his brief on appeal that respondent father argues on appeal that the trial court clearly erred when it determined that there were statutory grounds to terminate his parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). For many of the same conclusions in respondent mother's appeal, we hold that the trial court clearly erred when it determined that there was a statutory ground to terminate respondent father's parental rights under MCL 712A.19b(3)(g) but did not clearly err when it determined that there were statutory grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*).

### 1. MCL 712A.19b(3)(b)(*i*)

The trial court did not clearly err when it determined that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(b)(*i*). Termination of parental rights is appropriate under MCL 712A.19b(3)(b)(*i*) if the child or sibling[4] of the child has suffered physical injury or sexual abuse, and "[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home." In the present case, the trial court determined that respondent father sexually abused SLJ's half-sister, LCM. The trial court took judicial notice of the prior case file as well as this Court's unpublished opinion in *In re Massey/McIntyre Minors*, unpub op at 1-6, and held that relitigation of the issue concerning the alleged instances of sexual abuse was barred by the doctrine of res judicata.[5] Thus, the record reflected that respondent father sexually abused LCM. For this same reason, the record reflected that there was a reasonable likelihood that SLJ would suffer from abuse in the foreseeable future

---

[4] The term "sibling" is not defined in MCL 712A.1. Nonetheless, this Court explained in *In re Jenks*, 281 Mich App at 517, that MCL 712A.19b(3)(b) "clearly encompasses" the sexual abuse of a child's half-sibling.

[5] Respondent father does not assert that such actions were erroneous.

if placed in respondent father's home. There was no record evidence that respondent father received treatment to address his sexually abusive behavior. Furthermore, "how a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance Minors*, 306 Mich App at 730 (quotation marks, citations, and brackets omitted). Thus, respondent father's sexual abuse of LCM indicates that SLJ would be at risk of sexual abuse in respondent father's home. Therefore, the record reflected that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(b)(*i*).

Only one statutory ground needs to be established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App at 90. Therefore, termination of respondent father's parental rights was appropriate based upon MCL 712A.19b(3)(b)(*i*). Nonetheless, we will address the additional statutory grounds for termination.

### 2. MCL 712A.19b(3)(g)

The trial court clearly erred when it determined that there was a statutory ground to terminate respondent father's parental rights under MCL 712A.19b(3)(g). A trial court may terminate parental rights under MCL 712A.19b(3)(g) if the court finds by clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g). When the trial court addressed MCL 712A.19b(3)(g), it made no factual findings regarding respondent father's financial ability to care for SLJ. Thus, the trial court could not have properly found that termination was appropriate under MCL 712A.19b(3)(g). Nevertheless, this error is harmless because only one statutory ground needs to be established to support the termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich at 90.

### 3. MCL 712A.19b(3)(j)

The trial court did not clearly err when it determined that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(j). A trial court may terminate parental rights under MCL 712A.19b(3)(j) if its finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). Under MCL 712A.19b(3)(j), harm can include either physical or emotional harm. *In re Hudson*, 294 Mich App at 268. As already indicated, the trial court previously determined that respondent father sexually abused SLJ's half-sister, LCM. Additionally, there was no record evidence that respondent father received treatment to address his alleged sexually abusive behavior. Given respondent father's history of sexual abuse of minor children, there was a reasonable likelihood that SLJ would be harmed if she was returned to respondent father's home. Furthermore, Brownlee testified that respondent father participated in four out of 31 scheduled visits with SLJ since Brownlee was assigned to the case in October 2020. Respondent father's failure to participate in scheduled visitation on a regular basis provides evidence that SLJ would be harmed if she was returned to respondent father's home. Therefore, the record reflects that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(j).

### 4. MCL 712A.19b(3)(k)(*ii*)

The trial court did not clearly err when it determined that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(k)(*ii*). A trial court may terminate parental rights under MCL 712A.19b(k)(*ii*) if its finds by clear and convincing evidence that the parent abused the child or a sibling of the child, there is a reasonable likelihood that the child will be harmed if returned to the care of the parent, and the abuse included "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." As already indicated, the trial court previously determined that respondent father sexually abused SLJ's half-sister, LCM. The trial court took judicial notice of the prior case file as well as this Court's unpublished opinion in *In re Massey/McIntyre Minors*, unpub op at 1-6, and held that relitigation of the issue concerning the alleged instances of sexual abuse was barred by the doctrine of res judicata. In the matter regarding the termination of respondents' parental rights to LCM and ASM, the trial court found that respondent father made several attempts to orally penetrate LCM. *In re Massey/McIntyre Minors*, unpub op at 1. Thus, the record reflected that respondent father abused LCM, and the abuse included criminal sexual conduct involving attempted penetration. Furthermore, there was no record evidence that respondent father received treatment to address his sexually abusive behavior. Given respondent father's history of sexual abuse, there was a reasonable likelihood that SLJ would be harmed if she was returned to respondent father's home. Therefore, the record reflects that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(k)(*ii*).

### 5. MCL 712A.19b(3)(k)(*ix*)

The trial court did not clearly err when it determined that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(k)(*ix*). A trial court may terminate parental rights under MCL 712A.19b(k)(*ix*) if its finds by clear and convincing evidence that the parent abused the child or a sibling of the child, there is a reasonable likelihood that the child will be harmed if returned to the care of the parent, and the abuse included "[s]exual abuse as that term is defined in . . . MCL 722.622." Under MCL 722.622(z), sexual abuse is defined as "engaging in sexual contact or sexual penetration as those terms are defined in . . . MCL 750.520a, with a child." Under MCL 750.520a(q), sexual contact is defined as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification . . . ." Under MCL 750.520a(r), sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." As already indicated, the trial court previously determined that respondent father sexually abused SLJ's half-sister, LCM. The trial court took judicial notice of the prior case file as well as this Court's unpublished opinion in *In re Massey/McIntyre Minors*, unpub op at 1-6, and held that relitigation of the issue concerning the alleged instances of sexual abuse was barred by the doctrine of res judicata. In the matter regarding the termination of respondents' parental rights to LCM and ASM, evidence was admitted which indicated that respondent father rubbed his penis against LCM's vaginal area. *In re Massey/McIntyre Minors*, unpub op at 1. Thus, the record reflected that respondent father intentionally touched the clothing covering the immediate area of LCM's intimate parts, and such touching could be reasonably construed as being for the purpose of sexual arousal or gratification. Therefore, the record reflects that there were grounds to terminate respondent father's parental rights under MCL 712A.19b(3)(k)(*ix*).

## III. BEST INTERESTS

On appeal, respondents argue that the trial court clearly erred when it determined that terminating their parental rights was in SLJ's best interests under MCL 712A.19b(5).

Whether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. This Court reviews the trial court's ruling that termination is in the child's best interests for clear error. *In re Hudson*, 294 Mich App at 268. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (citation and quotation marks omitted).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). The trial court may also consider "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014) (citations omitted). "Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 64; 874 NW2d 205 (2015) (quotation marks and citation omitted). "[T]he fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's best interests." *In re Olive/Metts Minors*, 297 Mich App at 43 (citation and quotation marks omitted).

### A. RESPONDENT MOTHER

The trial court did not clearly err when it determined that termination of respondent mother's parental rights was in SLJ's best interests under MCL 712A.19b(5). Initially, we acknowledge that multiple witnesses testified that respondent mother shared a bond with SLJ. Nevertheless, the record reflects that respondent mother lacked strong parenting skills. As already indicated, the trial court previously determined that respondent father sexually abused SLJ's half-sister, LCM, respondent mother was aware of the sexual abuse, and respondent mother allowed respondent father to remain in her home with LCM. Respondent mother acknowledged that she maintained a romantic relationship with respondent father after learning of the sexual abuse and allowed SLJ to live in the same home with respondent father after her birth. Furthermore, SLJ's foster home had advantages over respondent mother's home. Although respondent mother maintained that her romantic relationship with respondent father had ended, multiple witnesses testified that respondent mother still resided with respondent father. In contrast, there were no reported concerns regarding SLJ's safety in foster care with her paternal grandmother. SLJ's paternal grandmother was willing to adopt her such that termination served SLJ's need for

permanency, stability, and finality. SLJ had been in foster care for more than one year, and as previously pointed out, respondent mother failed to participate in a majority of the scheduled visits with SLJ during that period. Lastly, the trial court explicitly considered SLJ's relative placement in determining that termination was in SLJ's best interests. For these reasons, the trial court did not clearly err when it determined that termination of respondent mother's parental rights was in SLJ's best interests under MCL 712A.19b(5).

## B. RESPONDENT FATHER

The trial court did not clearly err when it determined that termination of respondent father's parental rights was in SLJ's best interests under MCL 712A.19b(5). The record reflects that respondent father lacks strong parenting skills. As already indicated, the trial court previously determined that respondent father sexually abused SLJ's half-sister, LCM. Additionally, there was no record evidence that respondent father received treatment to address his sexually abusive behavior. Thus, it was unlikely that SLJ could be returned to respondent father's home in the foreseeable future. Furthermore, SLJ's foster home had advantages over respondent father's home. There were no reported concerns regarding SLJ's safety in foster care with her paternal grandmother, and SLJ's paternal grandmother was willing to adopt her such that termination served SLJ's need for permanency, stability, and finality. SLJ had been in foster care for more than one year, and has previously pointed out, respondent father failed to participate in a majority of the scheduled visits with SLJ during that period. Lastly, the trial court explicitly considered SLJ's relative placement in determining that termination was in SLJ's best interests. For these reasons, the trial court did not clearly err when it determined that termination of respondent father's parental rights was in SLJ's best interests under MCL 712A.19b(5).

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly