*In re* JENKS

Docket Nos. 284387 and 284388. Submitted November 4, 2008, at Lansing. Decided November 20, 2008, at 9:00 a.m.

The Department of Human Services petitioned the Washtenaw Circuit Court, Family Division, to terminate the parental rights of James Jenks to his two minor children. Jenks subsequently pleaded guilty of first-degree criminal conduct for sexually abusing his stepdaughter, who was a half-sister to the children in this case. The court, Donald E. Shelton, J., concluded that the department had established by clear and convincing evidence grounds for termination under MCL 712A.19b(3)(b)(*i*) and (*iii*), (g), (h), (j), and k(*ii*). The court also concluded that it was not clearly contrary to the children's best interests to terminate his parental rights, and the court did so. Jenks appealed, asserting that the court erred by finding that the department had established by clear and convincing evidence any statutory ground for termination.

The Court of Appeals *held*:

The trial court did not clearly err by determining that the department had established by clear and convincing legally admissible evidence the grounds for termination set forth in MCL 712A.19b(3)(b)(*i*) and k(*ii*). Jenks admitted that his sexual abuse of his stepdaughter included penetration, conduct covered by those statutes. Given the nature of Jenks's conduct, the trial court did not clearly err by determining that there was a reasonable likelihood that the minor children would suffer injury or abuse in the foreseeable future if placed in Jenks's home. Having found that at least one statutory ground for termination was established by clear and convincing evidence, the trial court was required to terminate Jenks's parental rights unless there was clear evidence on the whole record that termination was not in the children's best interests. Considering the nature of Jenks's criminal sexual conduct and the length of his incarceration for that offense, termination was not clearly contrary to the children's best interests.

Affirmed.

*Brian L. Mackie*, Prosecuting Attorney, and *David A. King*, Assistant Prosecuting Attorney, for the petitioner.

*Adil Haradhvala* for the respondent.

Before: FITZGERALD, P.J., and BANDSTRA and SCHUETTE, JJ.

PER CURIAM. In these consolidated appeals, respondent, James Jenks, appeals as of right the trial court's February 22, 2008, order terminating his parental rights to the minor children under MCL 712A.19b(3)(b)(*i*) and (*iii*), (g), (h), (j), and (k)(*ii*). We affirm.

The minor children came to the attention of petitioner, the Department of Human Services, on September 1, 2006, when it was discovered that the children's home was in deplorable condition and without running water. Thereafter, on October 23, 2007, respondent pleaded guilty to one count of first-degree criminal sexual conduct with a person under 17 years of age for his conduct in sexually abusing his stepdaughter, who is the minor children's half-sister. As part of his plea, respondent admitted his sexual penetration of the stepdaughter. On November 27, 2007, respondent was sentenced to serve a prison term of 5 to 15 years for that offense.

Petitioner sought to terminate respondent's parental rights on the basis of his admitted sexual abuse of the other child. Petitioner presented no witnesses at the termination hearing, relying on respondent's order of conviction and judgment of sentence as establishing grounds for termination. Respondent presented a single witness, who testified that the children were not of Native American heritage. The trial court found, by clear and convincing evidence, that respondent had committed a sexual penetration of a half-sister of the minor children and that there was a reasonable likeli-

hood that the minor children would suffer injury or abuse if ever placed in respondent's custody. The trial court also concluded that it was not clearly contrary to the children's best interests for respondent's parental rights to be terminated "given the acts he committed against his step-daughter and the length of his incarceration."[1]

Respondent argues that the trial court clearly erred by finding that petitioner established statutory grounds for termination by clear and convincing evidence. We disagree.

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination set forth in MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Sours Minors,* 459 Mich 624, 632; 593 NW2d 520 (1999); *In re Terry,* 240 Mich App 14, 21-22; 610 NW2d 563 (2000). Once a ground for termination is established, the court must order termination of parental rights unless there is clear evidence, on the whole record, that termination is not in the child's best interest. MCL 712A.19b(5); *In re Trejo Minors,* 462 Mich 341, 354; 612 NW2d 407 (2000). If, as in this case, the termination is sought on the basis of grounds new or different from those that led the court to assert jurisdiction over the children, the grounds for termination must be established by legally admissible evidence. MCR 3.977(F)(1)(b).

This Court reviews the trial court's determinations that a ground for termination has been established and regarding the child's best interest under the "clearly erroneous" standard. MCR 3.977(J); *Sours, supra* at

---

[1] The trial court subsequently terminated the parental rights of the minor children's mother. Her mother's separate appeal of that termination order remains pending in this Court.

633; *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003); *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008).

Contrary to respondent's assertion, we conclude that the trial court did not err by determining that the ground for termination set forth in MCL 712A.19b(3)(b)(*i*) was established by clear and convincing legally admissible evidence. MCL 712A.19b(3)(b) provides for termination if the

> child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

The record clearly established that respondent sexually abused the minor children's half-sister; respondent does not dispute this. And the statute clearly encompasses such conduct.[2] Further, considering the nature of

---

[2] This Court previously interpreted the prior version of MCL 712A.19b(3)(b)(*i*) as applicable only to conduct perpetrated by the parent of the injured or abused child. Therefore, this Court reluctantly determined that the prior version of this section did not apply if the injured or abused child was not also the child of the parent whose parental rights the petitioner sought to terminate. *In re Powers*, 208 Mich App 582, 591; 528 NW2d 799 (1995). However, the Legislature amended MCL 712A.19b(3)(b)(*i*) in 1997 to clarify that grounds for termination are established when the parent against whom termination is sought is responsible for the physical injury or physical or sexual abuse of a sibling of the minor child, regardless of whether that parent is also a parent of the injured or abused sibling. Thus, as amended, MCL 712A.19b(3)(b)(*i*) sets forth a ground for termination in circumstances such as those

respondent's criminal sexual conduct with the other child, which included penetration, the trial court did not clearly err in determining that there is a reasonable likelihood that the minor children would suffer injury or abuse in the foreseeable future if placed in respondent's home. Therefore, the trial court did not clearly err in finding that this ground for termination was established by clear and convincing legally admissible evidence.

Termination was likewise warranted under MCL 712A.19b(3)(k)(*ii*), which provides for termination if the parent whose parental rights the petitioner seeks to terminate sexually abused the child or a sibling of the child and that abuse included penetration, attempted penetration, or assault with intent to penetrate. Respondent admitted that his sexual abuse of the other child included penetration. Therefore, the trial court also did not clearly err by finding that this ground for termination was established by clear and convincing legally admissible evidence.[3]

Having found that at least one statutory ground for termination was established by clear and convincing evidence, as noted above, the trial court was required to terminate respondent's parental rights unless there was clear evidence, on the whole record, that termination was not in the children's best interests. MCL

_____

presented here, in which respondent sexually abused a half-sister of the minor children who are the subject of the termination proceedings, regardless of the fact that respondent was not also a parent of that abused half-sister. MCL 712A.19b(3)(b)(*i*).

[3] Because we conclude that grounds for termination were established by clear and convincing evidence under MCL 712A.19b(3)(b)(*i*) and (k)(*ii*), we need not address the remainder of the grounds for termination cited by the trial court in terminating respondent's parental rights to the minor children. *In re Powers Minors*, 244 Mich App 111, 118-119; 624 NW2d 472 (2000). We do note, however, that termination in this case could not properly be based on MCL 712A.19b(3)(b)(*iii*).

712A.19b(5); *Trejo, supra* at 354. Respondent does not argue that termination was not in the children's best interests; rather, he asserts only that, because petitioner did not establish at least one statutory ground for termination by clear and convincing evidence, the trial court was not permitted to consider the best interests of the children. We disagree. Having affirmed the trial court's conclusion that petitioner appropriately established at least one statutory ground for termination, we find no clear error in the trial court's conclusion that, considering the nature of respondent's criminal sexual conduct with the minor children's half-sister and the length of his incarceration for that offense, termination was not clearly contrary to the minor children's best interests.

We affirm.