*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re MILES, Minors.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Petitioner-Appellee,

v

WILLIAM STEVEN-MARCUS MILES,

Respondent-Appellant.

UNPUBLISHED
July 25, 2019

No. 347381
Wayne Circuit Court
Family Division
LC No. 17-002001-NA

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's orders terminating his parental rights to his minor children, SAM and WSMM (the minor children) under MCL 712A.19b(3)(j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

Respondent argues that this Court should reverse the trial court's orders terminating his parental rights to the minor children because the orders violate his constitutional right to parent his children. We disagree.

Generally, an issue is properly preserved if it has been raised before and addressed and decided by the trial court. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Respondent did not raise any constitutional challenge with respect to his rights to parent the minor children before the trial court. Therefore, respondent fails to preserve his constitutional challenge.

This Court reviews unpreserved claims, in a termination of parental rights proceeding, under the plain-error test. *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018). To avoid forfeiture under the plain-error test, respondent must establish that an error that was clear and obvious occurred, and that the error affected his substantial rights. *Id.* " '[A]n error affects

-1-

substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings.' " *Id.*, quoting *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

Parental rights, as a constitutional matter, encompass parents "fundamental liberty interest in the care, custody, and control of their children." *In re Beck*, 488 Mich 6, 11; 793 NW2d 562 (2010) (citation and quotation marks omitted). However, parental rights are not unlimited; "the state has a legitimate interest in protecting the moral, emotional, mental, and physical welfare of the minor and in some circumstances neglectful parents may be separated from their children." *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014) (citation and quotation marks omitted). Parents are entitled to an adjudication before they are deprived "of the right to direct the care, custody, and control of their children[.]" *Id.* at 418. Once the trial court determines that there is jurisdiction over the child, it "has broad authority in effectuating dispositional orders" that are "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained." *Id.* at 406. Thus, the state's interests in protecting the child prevail over the parent's constitutional rights once jurisdiction over the child is assumed. *Id.* at 406, 409-410. Respondent merely concludes, without any specificity or citations to the record, that termination of his parental rights constituted a constitutional violation, and thus, amounted to a plain error that affected his substantial rights.

We find that there was clear and convincing evidence to terminate respondent's parental rights to the minor children pursuant to MCL 712A.19b(3)(j). Once DHHS establishes "clear and convincing evidence that persuades the court that at least one ground for termination is established", a parent's liberty interests " 'no longer includes the right to custody and control of the children.' " *In re Moss*, 301 Mich App 76, 88; 836 NW2d 182 (2013), quoting *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). Termination of parental rights is appropriate under MCL 712A.19b(3)(j) when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

Here, the trial court found, and the evidence establishes, that respondent took advantage of a young child in a vulnerable living situation and sexually exploited them. JR was a 12-year-old child, who moved in with respondent's mother-in-law, Natasha Reese, after a previous foster care placement was unsuccessful. Respondent and his wife lived with Reese at the time as well. JR testified that respondent began to sexually abuse them within a few weeks of meeting them, and continued to sexually abuse them until they moved out of Reese's house. The sexual abuse included inappropriate touching, oral sex, and sexual intercourse. Respondent was well aware that what he was doing to JR was both wrong and illegal because he told JR not to tell anyone or he could go to jail and even gave them money on one occasion in exchange for their secrecy. The trial court found JR's testimony credible and consistent.

The trial court determined that there were grounds to terminate respondent's parental rights under MCL 712A.19b(3)(j) because respondent's sexual abuse of JR presented a risk of sexual harm to the minor children. " '[H]ow a parent treats one child is certainly probative of how that parent may treat other children.' " *In re LaFrance*, 306 Mich App 713, 730; 858 NW2d 143 (2014), quoting *In re LaFlure*, 48 Mich App 377, 392; 210 NW2d 482 (1973). This, the doctrine of anticipatory neglect, is not limited only to a respondent's treatment of children who are his offspring. See, e.g., *In re Powers*, 208 Mich App 582, 589; 528 NW2d 799 (1995),

superseded in part by statute on other grounds as stated in *In re Jenks*, 281 Mich App 514, 517 n. 2; 760 NW2d 297 (2008).

Respondent sexually abused a young child that lived with him. Though the minor children are currently both under four years old, which is several years younger than JR was at the time of their sexual abuse, respondent's actions demonstrate that he presents a threat of sexual harm to young children who live with him. Therefore, the trial court properly found that there was clear and convincing evidence to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(j). Because there was clear and convincing evidence to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(j), respondent's constitutional rights give way to the state's interests in protecting children. *In re Trejo*, 462 Mich at 355. The trial court complied with the guarantees of substantive due process because clear and convincing evidence supports the trial court's determination that there were statutory grounds to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(j). *In re B & J*, 279 Mich App 12, 23; 756 NW2d 234 (2008). Because statutory grounds existed to terminate respondent's parental rights, the trial court was obligated to order termination unless it would not in the best interests of the minor children. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). Respondent does not raise any argument with respect to the best interests of the minor children. Accordingly, respondent fails to establish that the trial court erred when it terminated his parental rights.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford

-3-