*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WILKS, Minors.

UNPUBLISHED
April 14, 2022

No. 359294
Jackson Circuit Court
Family Division
LC No. 21-001351-NA

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

Respondent, Kristopher Wilks, appeals by right the trial court's order terminating his parental rights to his minor children. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent is the father to two minor children, SW1 and SW2. On March 13, 2021, SW1 woke up her mother at around 10:30 p.m. due to profuse bleeding coming from the child's vagina. Respondent was already awake and sitting up at the time and did not seem to react to the emergency or the child's distress. No other adults were in the home, and SW1's mother was asleep when the bleeding started. SW1's mother took her to the emergency room, and the child was ultimately treated for a vaginal laceration near the cervix. Given the nature of this injury and SW1's lack of any history with inserting anything into her own vagina, Bethany Mohr, a medical expert with experience in child sexual abuse cases, opined that SW1 was likely sexually assaulted.

Petitioner Department of Health and Human Services subsequently filed a petition in the trial court alleging that respondent caused SW1's injury via sexual assault and requesting that his parental rights to SW1 and SW2 be terminated. The children were adjudicated to be within the trial court's jurisdiction, and a combined disposition and termination hearing was held.

The trial court determined that there was clear and convincing evidence that respondent sexually assaulted SW1 and, therefore, there were statutory grounds to terminate respondent's parental rights to SW1 and SW2 under MCL712A.19b(3)(b)(*i*) (parent's act caused physical injury or physical or sexual abuse to child or sibling of child) and MCL712A.19b(3)(j) (reasonable likelihood of harm if child is returned to parent). The trial court also concluded that termination was in the children's best interests. This appeal followed.

-1-

## II. STANDARDS OF REVIEW

"The trial court's decision that a ground for termination of parental rights has been proved by clear and convincing evidence is reviewed for clear error." *In re Pops*, 315 Mich App 590, 593; 890 NW2d 902 (2016). We also review for clear error the trial court's determination that termination of parental rights is in the best interests of the child. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). "This Court gives deference to a trial court's special opportunity to judge the weight of the evidence and the credibility of the witnesses who appear before it." *In re TK*, 306 Mich App 698, 710; 859 NW2d 208 (2014).

## III. ANALYSIS

Respondent first argues that the trial court clearly erred when it found that petitioner presented clear and convincing evidence to support termination of his parental rights under MCL 712A.19b(3)(b)(*i*) and (j). We disagree.

The trial court may terminate parental rights under MCL 712A.19b(3)(b)(*i*) if it finds by clear and convincing evidence that the parent's child or a sibling of the child has suffered physical injury or physical or sexual abuse under circumstances in which "[t]he parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home." MCL 712A.19b(3)(b)(*i*). The trial court may also "terminate parental rights if it finds by clear and convincing evidence that there 'is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.' " *In re Pops*, 315 Mich App at 599, quoting MCL 712A.19b(3)(j). " 'If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made.' " *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011), quoting MCL 712A.19b(5).

Respondent contends the trial court erred by finding these provisions satisfied on the basis of purely circumstantial and insufficient evidence of an alleged sexual assault. Respondent notes that no warrant was ever issued against him for assaulting SW1, despite an extensive police investigation. Furthermore, respondent asserts that no evidence was introduced whatsoever to indicate that he ever harmed SW2. And respondent cites *In re LaFrance*, 306 Mich App 713; 858 NW2d 143 (2014), for the proposition that the doctrine of anticipatory neglect is inapplicable when there is no evidence that any other children were abused or neglected. According to respondent, anticipatory neglect was also inappropriate here considering the limited circumstantial evidence that SW1 was ever abused.

We disagree with respondent and conclude that the trial court's findings regarding the potential for future harm to SW1 were not clearly erroneous. As an initial matter, a fact-finder can

make inferences from circumstantial evidence when such conclusions are reasonably supported by the record. See *Ykimoff v WA Foote Mem'l Hosp*, 285 Mich App 80, 87; 776 NW2d 114 (2009) ("If circumstantial evidence is relied on to establish proximate cause, the evidence must lead to a reasonable inference of causation and not mere speculation."). Here, the trial court focused on the egregious nature of SW1's injury, reasoning that it must have resulted from blunt trauma to the area. Noting that respondent was the only adult present and awake with SW1 when the bleeding started, the trial court reasonably concluded that respondent assaulted SW1. Moreover, respondent did not appear concerned about SW1's bleeding—nor did he offer any assistance—despite being in the room and awake before SW1 woke up the mother. And SW1's lack of disclosure and repeated denials that respondent, or anyone else, ever touched her, do not sufficiently refute this other evidence supporting that respondent assaulted the child. Specifically, it was reasonable to conclude that SW1's silence and denials were due to either fear of, or threats from, respondent, especially considering that she later described respondent as a "monster." Considering Mohr's specific—and unrefuted—expert testimony that SW1's injury was likely from an assault, and *not* self-inflicted, the trial court was justified in finding grounds for termination.

Having concluded the evidence supports petitioner's allegation that respondent sexually assaulted SW1, it was proper for the trial court to apply the doctrine of anticipatory neglect regarding respondent's other minor child, SW2. It is well established that "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance*, 306 Mich App at 730 (quotation marks and citation omitted) (alteration in original). And this Court has permitted termination concerning multiple children when the allegations involve sexual assault against only one child. See *In re Jenks*, 281 Mich App 514; 760 NW2d 297 (2008).

Respondent's reliance on *LaFrance* is unavailing. In *LaFrance*, statutory grounds for termination were met regarding the respondents' youngest child, but not their three older children. *LaFrance*, 306 Mich App at 726-732. And while the Court in *LaFrance* refused to apply the doctrine of anticipatory neglect, in part, because "the trial court nowhere suggested, and no evidence was offered to prove, that either respondent had ever abused or neglected any of their three older children," the Court also stated that its conclusion was based on the "unusual circumstances of this case." *Id.* at 731. Specifically, the Court refused to apply anticipatory neglect because:

> the ages and medical conditions of the three older children stand in sharp contrast to that of the youngest child. Unlike the latter, who requires special medical care for which respondents seemed to under-appreciate the need, no such special care was required for the older children. Moreover, respondents had cared for those children from birth without incident, including any allegation, let alone proof, that they had abused or neglected the three older children at any time.

> \* \* \*

> [Furthermore,] the only allegations of negligence underlying this case concern respondent-mother's continued substance abuse during her pregnancy with the youngest child, and respondent-father's failure to act promptly in response to that infant's rapid medical deterioration. The three older children ranged in age from five to twelve years at the time of termination, and, thus, did not share their infant

sister's medical vulnerabilities or inability to articulate personal needs or discomforts. Moreover, concerns over the youngest child's cerebral palsy hardly militated in favor of terminating parental rights to the older children, who suffered from no such special need. [*Id*. at 730-731.]

In contrast with this case, however, respondent is alleged to have actively assaulted one of his children. And there are no unique facts, such as the children having distinct medical needs, that would undermine the likelihood that this type of abuse would be repeated with SW2. Indeed, if the children were returned to respondent's care, SW2's younger age and inability to report abuse makes him even more vulnerable to assault than SW1. Accordingly, we are not left with a definite and firm conviction that the trial court was mistaken in finding statutory grounds for termination satisfied as to both children. See *In re BZ*, 264 Mich App at 296-297. Therefore, we conclude that the trial court's findings on the statutory grounds for termination were not clearly erroneous.

Next, respondent argues that the trial court also clearly erred by finding that termination of his parental rights was in the children's best interests. We disagree.

To terminate a parent's parental rights, the trial court must "find[] by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). All available evidence should be weighed by the trial court, which should consider factors such as " 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *In re White*, 303 Mich App at 713, quoting *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 114 (2012). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Respondent's claim of error centers on the trial court's focus on the alleged assault and its alleged failure to analyze respondent's bond with the children or parenting abilities, or any other relevant factor when determining whether termination is in the children's best interest. Relatedly, respondent claims that the trial court failed to consider the children's existing placement with the mother, which he alleges should weigh against termination. Respondent also argues that it was improper for the trial court not to analyze each child's best interests individually. Rather than terminating his parental rights, respondent asserts that it was in the children's best interests for the trial court to merely retain jurisdiction over the children, grant the mother sole custody, and order an evaluation to determine whether there were indeed risks associated with respondent's parenting.

We acknowledge that the trial court's best-interest analysis was limited and largely based on respondent's assault of SW1. However, the trial court explicitly stated:

I realize that normally when the court is making a best interest determination it focus on, [sic] it focuses on things like the child's bond to the parent, the child's need for permanency, the parent's parenting ability. When child sexual abuse is involved, either of a child or of a sibling of a child, there would have to be a very strong affirmative showing that termination is not in the child's best interest for the court to consider any other alternative than termination.

-4-

Thus, while it did not detail precise findings concerning these other factors, the trial court still acknowledged their relevance to its analysis. Accordingly, the trial court's statement that strong affirmative proof is required to refute termination in child sexual abuse cases—made immediately before its best interest determination—was an implicit conclusion that such evidence was lacking regarding any factor separate from the assault. We also note that both children resided with the mother since SW1's injury and had no contact with respondent, despite him being allowed parenting time with SW2. SW1 also stated that she disliked respondent and did not wish to spend time with him. Therefore, notwithstanding the trial court's limited analysis, the totality of the evidence still weighed in favor of termination.

Concerning the trial court's failure to explicitly recognize that the children were placed with the mother, we disagree with respondent that this was in error. It is true that placement with relatives must generally be considered and will weigh against termination. See *In re Olive/Metts*, 297 Mich App at 43 ("the fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's best interests") (quotation marks and citation omitted). However, a biological mother is not a "relative" for purposes of MCL 712A.19a. *In re Schadler*, 315 Mich App 406, 413; 890 NW2d 676 (2016). Therefore, the trial court was not required to consider placement with the mother. See *id*.

Furthermore, we also disagree with respondent that the trial court erred by not evaluating the children's best interests individually for each child. Such separate analysis is only required when "the best interests of the individual children *significantly* differ." *White*, 303 Mich App at 715 (emphasis in original). And while respondent is only alleged to have assaulted SW1, his propensity to assault one child puts both at risk. The children's best interests with respect to this case are, therefore, not significantly different.

For these reasons, we conclude that the trial court did not clearly err in finding statutory grounds for termination and concluding that termination was in the children's best interests.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel