*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. L. RIVERA, Minor.

UNPUBLISHED
January 27, 2025
9:32 AM

No. 369874
Wayne Circuit Court
Family Division
LC No. 2023-001470-NA

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Petitioner, Department of Health and Human Services (DHHS), appeals as of right the order of adjudication denying termination of respondent-father's parental rights to his minor child, JLR. We affirm.

This case arises out of child protective proceedings against respondent-father following allegations that he sexually abused JLR's older half sister, AR. In June 2023, petitioner received allegations that respondent-father sexually touched and propositioned AR. While respondent-father was not AR's biological father, AR and JLR shared the same biological mother. Based on the allegations, petitioner filed a petition to terminate respondent-father's parental rights at the initial dispositional hearing. The petition was authorized at the preliminary hearing.

The trial court held a bench trial in January 2024, where it took testimony regarding jurisdiction and termination. AR, respondent-father, and a Child Protective Services (CPS) worker testified regarding the alleged sexual abuse. Respondent-father denied the allegations, although he could not clearly recall the events of the incident because he was using cocaine and Motrin 600 at the time. Without making any factual findings or conclusions on the record, the court took the case under advisement. In February 2024, the court entered an order taking jurisdiction over JLR,[1]

---

[1] In the order of adjudication, the trial court checked a box (box 9.a.), indicating there were no statutory grounds to exercise jurisdiction over JLR. However, it contradicted this in its findings

but finding there was insufficient evidence to establish statutory grounds for termination of respondent-father's parental rights. Accordingly, the court dismissed the petition against respondent-father, terminated its jurisdiction, and released JLR to his mother who had sole legal and physical custody of JLR.

Petitioner argues that the trial court erred by failing to comply with the requirements of MCR 3.977(I) and failing to find statutory grounds for termination despite being presented with clear and convincing evidence. We disagree.

The interpretation and application of statutes and court rules are reviewed de novo. *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020). In termination proceedings, MCR 3.977(I) describes the trial court's obligations with respect to it's the findings it must issue. The relevant subsections provide:

> (1) *General*. The court shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient. If the court does not issue a decision on the record following hearing, it shall file its decision within 28 days after the taking of final proofs, but no later than 70 days after the commencement of the hearing to terminate parental rights.

> (2) *Denial of Termination*. If the court finds that the parental rights of respondent should not be terminated, the court must make findings of fact and conclusions of law. [MCR 3.977(I)(1) and (2).]

In light of the above, "[t]he trial court's findings need not be extensive; brief, definite, and pertinent findings and conclusions on contested matters are sufficient." *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 10 (quotation marks and citation omitted).

Here, the trial court summarized the testimony of AR and respondent-father regarding their accounts of the alleged sexual abuse. It also briefly summarized the CPS worker's best-interest testimony. It then found sufficient evidence for jurisdiction "due to the improper touching of the girl." It found, however, insufficient evidence to establish statutory grounds for termination and noted that "[t]here was no evidence presented as to how it was in the best interests [of JLR] to terminate the parental rights of [respondent-father] to [JLR]." It also explained that AR is a girl and not related to respondent-father, while JLR is a boy, and there was no testimony that respondent-father harmed him.

Petitioner takes issue with the fact that the trial court merely summarized the testimony and failed to make findings regarding its decision not to find statutory grounds. While we acknowledge that the trial court spent much of its opinion summarizing testimony, it still made brief, definite, and pertinent findings and conclusions of law as it related to its jurisdiction, statutory grounds, and best-interest determinations. *MJC*, ___ Mich App at ___; slip op at 10

---

of fact in the written portion of its order, where it wrote, "The court finds that there is sufficient evidence to find jurisdiction due to the improper touching of the girl, [AR]."

(quotation marks and citation omitted). It also made brief factual findings regarding the sufficiency of the evidence, and explained its basis for not finding statutory grounds for termination. Accordingly, we conclude that the trial court complied with the requirements of MCR 3.977(I).

We recognize that this is a close call, given the fact that the trial court's findings are relatively thin. The testimony regarding whether respondent-father sexually abused AR was contested, and by summarizing their respective testimonies, it is not abundantly clear what credibility determinations the trial court made. The trial court's finding of jurisdiction for "the improper touching of the girl" seems to imply that it determined the sexual abuse allegations were supported by at least a preponderance of the evidence. See *In re Hockett*, 339 Mich App 250, 254; 981 NW2d 534 (2021) (requiring a preponderance of the evidence to establish jurisdiction). The evidence apparently did not, however, rise to the heightened level of clear and convincing to establish statutory grounds for termination. See *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022) (requiring clear and convincing evidence to establish statutory grounds for termination). Further, we note that the trial court did not specify what statutory bases supported its exercise of jurisdiction, nor did it delineate its explanation as to why each statutory ground asserted was not met. Thus, while the order was not abundantly clear, we are not convinced the trial court improperly applied MCR 3.977(I), and clearly erred in denying the petition to terminate respondent-father's parental rights. While sparce, the court's findings were sufficient for the purposes of satisfying the rule.

Petitioner's argument, that the inconsistency in the order of adjudication requires reversal, is unpersuasive. Petitioner correctly observes that the order is internally inconsistent because the court checked a box indicating there were no statutory grounds to exercise jurisdiction over JLR, but later wrote, "The court finds that there is sufficient evidence to find jurisdiction due to the improper touching of the girl, [AR]." "A court speaks through its written orders and judgments, not through its oral pronouncements." *In re KNK*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 370841); slip op at 5 (quotation marks and citation omitted). Given that the court explicitly articulated its reasoning for finding jurisdiction after making factual findings, it appears the court did find grounds to exercise jurisdiction over JLR. Further, given that the court did not find statutory grounds for termination, this also indicates that it may have checked by mistake the box finding no "statutory grounds" to exercise jurisdiction.

Though the issue is not raised by petitioner, the guardian ad litem contends that the trial court erred by failing to bifurcate the proceedings between the adjudicative and dispositional phases under MCR 3.972 and MCR 3.973. "An appellee is limited to the issues raised by the appellant unless it cross-appeals as provided in MCR 7.207." *In re McLeodUSA Telecom Servs, Inc*, 277 Mich App 602, 621 n 8; 751 NW2d 508 (2008). "An appellee may generally urge alternative grounds to affirm a trial court's decision without filing a cross-appeal, even if the alternative grounds were considered and rejected in the trial court." *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, 345 Mich App 649, 668 n 4; 9 NW3d 104 (2023). Here, the guardian ad litem is not arguing an alternative ground for affirmance, but an alternative ground for reversal due to the court's failure to bifurcate the proceedings. Accordingly, because the guardian ad litem did not file a cross-appeal, its claim of error is not subject to this Court's consideration.

Finally, petitioner argues that the trial court erred by failing to find statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ix*).[2] We disagree.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *Jackisch/Stamm-Jackisch*, 340 Mich App at 333 (quotation marks and citation omitted). This Court reviews for clear error a trial court's determination of whether statutory grounds exist for termination. *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). A trial court's decision is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *MJC*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted). This Court need not consider additional grounds for the trial court's decision if termination was supported by at least one statutory ground. *Jackisch/Stamm-Jackisch*, 340 Mich App at 333-334.

"Termination is appropriate pursuant to MCL 712A.19b(3)(b)(*i*) if the child or a sibling of the child has suffered sexual abuse and '[t]he parent's act caused the physical injury or physical or sexual abuse and *the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home*.' " *In re Hudson*, 294 Mich App 261, 265; 817 NW2d 115 (2011) (emphasis added). The statutory provision encompasses sexual abuse of a minor child's half sibling. *In re Jenks*, 281 Mich App 514, 517; 760 NW2d 297 (2008).

It appears from the trial court's order that it found AR's sexual abuse allegations credible enough to establish jurisdiction. Thus, the first requirement, that respondent-father caused the sexual abuse of AR, seems established. This statutory ground also requires that the court find a reasonable likelihood the child will suffer from injury or abuse in the foreseeable future. MCR 712A.19b(3)(b)(*i*). The court explained in its order that AR was a girl, and unrelated to respondent-father. Further, "[t]here was no testimony that the father touched [JLR] inappropriately at all" or "did any harm to [JLR] at all." Thus, the court effectively determined that, based on the testimony presented, there was no reasonable likelihood of harm to JLR.

There is evidence in the record to support this determination. The CPS investigator testified there were no allegations that respondent-father sexually assaulted JLR. Respondent-father did not live in the home with JLR and his mother, and JLR was safe in his mother's care. Further, respondent-father had two adult children and no CPS history. He also supported JLR with payments from his pension and social security. Accordingly, the trial court did not err in determining a statutory ground did not exist under MCR 712A.19b(3)(b)(*i*).

MCL 712A.19b(3)(j) provides for termination if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent." As stated above, the trial court order noted the situational differences between AR and JLR, and noted the lack of any allegations of harm to JLR. For the same reasons

___

[2] Although petitioner appeared to assert additional grounds for termination at the bench trial, it only contests the above grounds on appeal, and we limit the analysis accordingly.

discussed above, there is evidence to support the trial court's determination that there was no reasonable likelihood of harm to JLR, despite respondent-father's sexual abuse of AR. Further, to the extent that petitioner asserts respondent-father had significant substance abuse issues, he testified that he stopped using cocaine and Motrin in October 2023, and also reduced his drinking. Accordingly, the trial court did not err in determining a statutory ground for termination did not exist under MCR 712A.19b(3)(j).

MCL 712A.19b(3)(k)(*ix*) provides for termination where the parent sexually abused the child or a sibling of the child, as defined by MCL 722.622, and there is a reasonable likelihood of harm if the child is returned to the parent. MCL 722.622(q) defines sexual abuse as "sexual penetration, sexual contact, attempted sexual penetration, or assault with intent to penetrate." Here, only sexual contact was alleged, which is defined by MCL 750.520a(q) as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner . . . ." As discussed above, the trial court's determination did not rest on the absence of sexual abuse by respondent-father, but rather, the lack of a reasonable likelihood of harm to JLR. This determination was supported by the record, such that the trial court did not err in determining a statutory ground failed to exist under MCR 712A.19b(3)(k)(*ix*).

In support of its argument that there was clear and convincing evidence to establish statutory grounds for termination, petitioner details AR's testimony regarding respondent-father's abuse. As noted above, however, the trial court's determination did not appear to contest whether the sexual abuse occurred, but focused on the absence of a likelihood of harm to JLR, given the lack of allegations that respondent-father abused him his two other adult children. To bolster its contention, petitioner argues that the doctrine of anticipatory abuse supported the likelihood of harm to JLR.

The doctrine of anticipatory neglect "recognizes that [h]ow a parent treats one child is certainly *probative* of how that parent may treat other children." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020) (quotation marks and citation omitted; alteration in original). "However, the probative value of such an inference is decreased by differences between the children, such as age and medical conditions." *Id*. Petitioner contends the trial court's reliance on JLR's and AR's differences in gender was an improper consideration. It was not the only difference between AR and JLR, however. As the trial court noted in its order, AR was not related to respondent-father. Further, there was no testimony that respondent-father ever abused JLR. There was a nearly 10-year age gap between AR, who was 15 years old at the time of the hearing, and JLR, who was almost six years old. Given these differences, we conclude that the doctrine of anticipatory neglect did not mandate a finding of statutory grounds to terminate respondent-father's parental rights.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron