*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TAYLOR, Minors.

UNPUBLISHED
March 12, 2025
10:38 AM

No. 370965
Wayne Circuit Court
Family Division
LC No. 2022-001131-NA

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor children, AT and DT, under MCL 712A.19b(3)(b)(*i*) (parent's act caused sexual abuse to children's sibling), (g) (failure to provide proper care and custody), (j) (reasonable likelihood that children will be harmed if returned to parent), and (k)(*ix*) (parent's abuse of sibling included criminal sexual conduct). We affirm.

## I. FACTUAL BACKGROUND

Respondent is the father of AT and DT. Myreinncya Yvette Bass is the biological mother of both children. Bass is also the mother of DG.[1] The trial court acquired jurisdiction over AT and DT after the Department of Health and Human Services (DHHS) filed a permanent custody petition, alleging that respondent sexually abused DG and requesting termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*). After a preliminary hearing, the trial court authorized the petition, placed the children with Bass, ordered that respondent be removed from the home, and suspended respondent's parenting time.

After an adjudication and termination hearing, the trial court found there were grounds to exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2) based upon respondent's

---

[1] Bass was not a respondent to the petition. Because DG is not respondent's child, our use of the collective term "children" refers only to AT and DT.

-1-

sexual abuse of DG, and found clear and convincing evidence to support termination under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*). Subsequently, a best-interests hearing was held. The trial court thereafter found that termination of respondent's parental rights was in the best interests of the children. The trial court thus entered an order terminating respondent's parental rights. Respondent now appeals.

## II. JURISDICTION

Respondent first argues that the trial court clearly erred by finding statutory grounds to exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2). We disagree.

To properly exercise jurisdiction, the trial court must find by a preponderance of the evidence that a statutory basis for jurisdiction exists. *In re Long*, 326 Mich App 455, 460; 927 NW2d 724 (2018). This Court reviews a trial court's jurisdictional determination for clear error in light of the trial court's findings of fact. *Id*. "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). This Court defers to the trial court's " 'special opportunity . . . to judge the credibility of the witnesses who appeared before it.' " *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9, quoting MCR 2.613(C).

"Child protective proceedings are initiated when a petition is filed in the trial court that contains facts constituting an offense against a child under MCL 712A.2(b) of the juvenile code, MCL 712A.1 *et seq*." *In re Long*, 326 Mich App at 459. To properly exercise jurisdiction over a child subject to a petition for child protective proceedings, a trial court must find by a preponderance of the evidence that the child falls within the statutory requirements set forth in MCL 712A.2. *Id*. MCL 712A.2(b)(1) and (2) provide that a trial court may exercise jurisdiction over a minor:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without property custody or guardianship . . . .
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. [*In re KNK*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 370841); slip op at 4, quoting MCL 712A.2(b)(1)-(2).]

Further, "[t]o determine whether jurisdiction exists, the trial court must examine the child's situation at the time the petition was filed because MCL 712A.2(b) speaks in the present tense." *Id*. (quotation marks and citation omitted).

The trial court did not clearly err by finding that petitioner established by a preponderance of the evidence statutory grounds to exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2). In support of this finding, the trial court noted DG's testimony that respondent sexually abused her on numerous occasions, including sexually abusing DG while the other children were present in the same room. Although respondent argues that DG lacked credibility because her testimony was inconsistent with her previous disclosures regarding the sexual abuse, "[i]t is not for this Court to displace the trial court's credibility determination." *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009).

On appeal, respondent argues that the trial court's jurisdictional finding was clearly erroneous because Bass had custody over the children, no evidence was presented that respondent abused the children, and DG regarded respondent as a stepfather. These arguments are unpersuasive. It is true that Bass testified that she had sole custody over the children by virtue of a Friend of the Court order. However, she also testified that respondent was granted visitation with the children, and the children resided with respondent for a year from 2020 to 2021. Moreover, DG testified that the abuse occurred in the summer of 2020 or 2021 when both she and the children were staying at respondent's home. Further, while no evidence was presented that respondent abused the children, "[i]n cases with multiple children, the doctrine of anticipatory neglect may apply to confer jurisdiction." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). The doctrine of anticipatory neglect recognizes that a parent's treatment of one child is probative of how that parent may treat his or her other children. *Id*. Because "[a]buse or neglect of the second child is not a prerequisite for jurisdiction of that child and application of the doctrine of anticipatory neglect," it is immaterial that there is no evidence that respondent abused the children. *Id*. (quotation marks and citation omitted).

The trial court could properly find from respondent's sexual abuse of DG while the children were present in the same room that the children were "subject to a substantial risk of harm to [their] mental well-being," MCL 712A.2(b)(1), and that respondent's home, "by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent . . . , is an unfit place for the [children] to live in," MCL 712A.2(b)(2). Indeed, the fact that DG regarded respondent as a stepfather increases the probative value of the anticipatory-neglect inference, as it demonstrates that DG was similarly situated to respondent's own children when the abuse occurred. The record evidence supports the trial court's findings, and respondent has failed to demonstrate that the trial court clearly erred by finding statutory grounds to exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2).

## III. STATUTORY GROUNDS

Respondent next argues that the trial court clearly erred by finding clear and convincing evidence to support termination of his parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ix*). We disagree as there is clear and convincing evidence supporting the termination of respondent's parental rights.

To terminate parental rights, a trial court must find by clear and convincing evidence that a statutory ground for termination under MCL 712A.19b(3) has been established. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022). This Court reviews for clear error a trial court's finding that there are statutory grounds for termination of a

respondent's parental rights. *Id.* "A trial court's decision is clearly erroneous '[i]f although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.'" *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012), quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989) (alteration in original).

A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(b)(*i*) if the trial court finds by clear and convincing evidence that the child or a sibling of the child suffered physical or sexual abuse under circumstances in which "[t]he parent's act caused the . . . physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home." MCL 712A.19b(3)(b)(*i*).

The trial court did not clearly err when it found that petitioner presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*). DG testified that respondent sexually abused her on numerous occasions during the summer of 2020 or 2021 when DG was staying at respondent's home with the children, including touching her vagina both over and under her clothing, and forcing her to touch his penis. On some occasions, the children were in the same room—and even the same bed—as respondent and DG when the sexual abuse occurred. Although respondent argues that DG's testimony was inconsistent and not credible, the trial court found her testimony to be credible, and this Court will not displace the trial court's credibility determination. *In re HRC*, 286 Mich App at 460. Moreover, under the doctrine of anticipatory neglect, respondent's sexual abuse of DG is probative of how respondent may treat the children. *In re Kellogg*, 331 Mich App at 259. Thus, the trial court could infer from respondent's sexual abuse of DG in the presence of the children that there is a reasonable likelihood that the children would suffer from injury or abuse in the foreseeable future if placed in respondent's home. This is particularly true because the children only were a few years younger than DG, so they soon would mature to DG's age when she was abused.

Respondent argues that the trial court clearly erred by finding clear and convincing evidence to support termination under MCL 712A.19b(3)(b)(*i*) because respondent was never criminally charged with sexual abuse, the children love respondent, and DG is not respondent's child. These arguments are unpersuasive. As an initial matter, respondent does not articulate how the absence of criminal charges, or the fact that the children love him, renders the trial court's findings as to MCL 712A.19b(3)(b)(*i*) clearly erroneous, nor does respondent present any authority to support this assertion. See *In re Barber/Espinoza*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369359); slip op at 11 ("An appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for his or her claims.") (quotation marks and citation omitted). Moreover, MCL 712A.19b(3)(b)(*i*) sets forth no requirement that a respondent be criminally prosecuted for sexual abuse to warrant termination under this subsection.

Further, although it is true that DG is not respondent's child, DG testified that she regarded respondent as a stepfather, and respondent reported during his clinical best-interests evaluation that "he has been nothing but a father" to her. Thus, although DG is not respondent's child, the evidence demonstrated that both DG and respondent regarded their relationship as akin to that of a parent and child, which renders DG more similarly situated to the children and increases the

probative value of the anticipatory-neglect inference. Moreover, the doctrine of anticipatory neglect is not limited to instances in which a parent abuses his or her own child. *In re Powers*, 208 Mich App 582, 592; 528 NW2d 799 (1995), superseded in part by statute on other grounds as stated in *In re Jenks*, 281 Mich App 514, 517 n 2; 760 NW2d 297 (2008). Under the doctrine of anticipatory neglect, respondent's sexual abuse of DG was probative of how respondent may treat the children. Accordingly, the trial court did not clearly err by finding that respondent sexually abused a sibling of the children, and there is a reasonable likelihood that the children will suffer from injury or abuse in the foreseeable future if placed with respondent. Respondent, therefore, has not demonstrated that the trial court clearly erred by finding clear and convincing evidence to support termination of his parental rights under MCL 712A.19b(3)(b)(*i*).

A trial court need only find that one statutory ground has been established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). Therefore, termination of respondent's parental rights was appropriate based upon MCL 712A.19b(3)(b)(*i*), and we need not address the additional bases for termination found by the trial court.

## IV. BEST INTERESTS

Respondent finally argues that the trial court clearly erred by finding that termination of his parental rights was in the children's best interests. We disagree.

Even if a trial court finds that a statutory ground for termination is established by clear and convincing evidence, "it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). This Court reviews a trial court's determination regarding a child's best interests for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021).

With respect to the termination of parental rights, "[t]he focus of the best-interests inquiry is on the child, not the parent." *In re MJC*, ___ Mich App at ___; slip op at 9. A trial court making a best-interests determination may consider, among other things, the child's bond to the parent, the parent's parenting ability, the parent's history, and whether the parent can provide a permanent, safe, and stable home. *Id*. at ___; slip op at 9-10. When a child is placed with a relative, the child's relative placement at the time of the termination hearing "is an explicit factor to consider" in determining the best interests of the child. *In re Olive/Metts Minors*, 297 Mich App at 43 (quotation marks and citation omitted). MCL 712A.13a(1)(j)(*i*) defines "relative" as any person who is at least 18 years of age and is "[r]elated to the child within the fifth degree by blood, marriage, or adoption . . . ." This includes a child's biological parent. "The trial court's findings need not be extensive: 'brief, definite, and pertinent findings and conclusions on contested matters are sufficient.' " *In re MJC*, ___ Mich App at ___; slip op at 10, quoting MCR 3.977(I)(1). Further, "[i]n making its best-interest determination, the trial court may consider the whole record, including evidence introduced by any party." *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016) (quotation marks and citation omitted).

The trial court did not clearly err by finding that termination was in the children's best interests. In determining the best interests of the children, the trial court considered that the

children did not have a bond with respondent, respondent failed to provide financial support for the children, respondent posed a risk of harm to the children by virtue of his sexual abuse of DG, and the children's relative placement with Bass. These findings were supported by the record evidence.

Respondent argues that the trial court clearly erred by finding that termination was in the children's best interests because Bass "admits that she has not taken care of [the children] for six years," and the children were raised by their paternal grandmother and respondent, with whom they were strongly bonded. This argument is not supported by the record evidence. Bass testified that the children had been in her custody for their entire lives except for a one-year period in 2020 or 2021 when the children lived with respondent and he did not allow Bass to see the children. The record, therefore, does not support that the children were raised by respondent and their paternal grandmother. Further, the trial court's finding that the children did not have a bond with respondent was supported by Bass's testimony, which the trial court found credible. *In re HRC*, 286 Mich App at 460. Moreover, even if the trial court had clearly erred by finding that the children were not bonded with respondent, a child's bond to his or her parent is but one factor a trial court may consider in determining the child's best interests. Stated differently, a child's bond with his or her parent is not dispositive of whether termination of the parent's parental rights is in the child's best interests.

Respondent also argues that the trial court clearly erred by finding that termination was in the children's best interests because the children were placed with Bass, and respondent "does not seem to be a risk of harm for his own children." This argument is also unpersuasive. In determining the children's best interests, the trial court considered their placement with Bass and determined that, notwithstanding their placement, termination of respondent's parental rights was in the children's best interests. While it is true that placement with a relative generally weighs against termination, a child's relative placement is not dispositive as to the child's best interests. *In re Atchley*, 341 Mich App 332, 347; 990 NW2d 685 (2022).

Respondent's argument that the trial court ignored the clinician's recommendation against termination of his parental rights similarly is unpersuasive. Respondent presents no authority to support his assertion that the trial court was required to accept the clinician's recommendation. Moreover, the trial court did, in fact, consider the clinician's recommendation, and found that the clinician's recommendation against termination was "belied by the [clinician's] testimony that she is not sure why she reached" that conclusion. Furthermore, the clinician testified that she needed to "reevaluate" respondent before she could confirm her June 2023 recommendation, i.e., that termination was not in the child's best interests, at the February 2024 best-interest hearing. Because respondent presents no authority supporting the notion that a trial court clearly errs by determining that termination is in a child's best interests when a clinician or other expert recommends against termination, respondent has not established that the trial court clearly erred by failing to defer to the clinician's recommendation against termination.

Respondent finally argues that the trial court clearly erred by finding that termination was in the children's best interests because respondent is dedicated to the children, shows them love and affection, and has never neglected them. These arguments also are unpersuasive. As an initial matter, respondent presents no authority supporting that a trial court clearly errs by finding that termination is in a child's best interests merely because the parent loves and is dedicated to the

child. Presumably, virtually all parents opposing termination of parental rights love their children; this fact alone does not render termination contrary to the children's best interests. Moreover, the record evidence belies respondent's assertion that he was dedicated to the children and never neglected them. Bass testified that respondent was not consistently present in the children's lives, and after she ended her relationship with respondent shortly after DT was born, respondent did not visit or ask to speak with the children, except that the children lived with respondent for a year between 2020 and 2021. Further, respondent repeatedly stated during the pendency of the proceeding that he wanted to surrender his parental rights.

Ultimately, while respondent may disagree with the trial court's best-interests determination, this Court reviews a best-interest finding for clear error, which exists when "although there is evidence to support [the finding], the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *In re Olive/Metts Minors*, 297 Mich App at 41 (quotation marks and citation omitted). The trial court's findings were supported by the record evidence, and we are not left with the definite and firm conviction that the trial court made a mistake by finding that termination of respondent's parental rights was in the children's best interests. Accordingly, respondent has not established the trial court clearly erred by finding that termination of his parental rights was in the best interests of the children.

## V.  CONCLUSION

The trial court did not err by terminating respondent's parental rights. We affirm.

/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney