*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ZERVOS, Minors.

UNPUBLISHED
April 13, 2026
12:08 PM

No. 377240
Wayne Circuit Court
Family Division
LC No. 2023-000726-NA

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Respondent appeals by right the trial court's July 29, 2025 order terminating his parental rights to his minor children CAZ and MAZ under MCL 712A.19b(3)(b)(*i*) (child's sibling has suffered physical injury or physical or sexual abuse caused by parent and there is a reasonable likelihood that the child will suffer injury or abuse in foreseeable future if returned to parent's home), (j) (reasonable likelihood the child will be harmed if placed in parent's home), (k)(*ii*) (parent engaged in sexual conduct with the child's sibling that involved penetration, attempted penetration, or assault with intent to penetrate and there is a reasonable likelihood that the child will be harmed if returned to parent's care), and (k)(*ix*) (parent sexually abused the child's sibling and there is a reasonable likelihood that the child will be harmed if returned to parent's care). On appeal, respondent argues that the trial court erred in finding that there was sufficient evidence to establish jurisdiction over CAZ and MAZ, that there were statutory grounds to terminate respondent's parental rights, and that termination was in the children's best interests. For the reasons that follow, we detect no clear error in the trial court's determinations as to jurisdiction and statutory grounds for termination, but we conclude that further proceedings are required for the trial court to complete its best-interest analysis. We therefore vacate the trial court's termination order and remand.

## I. BACKGROUND AND FACTS

This case concerns the trial court's termination of respondent's parental rights to CAZ and MAZ, his biological and legal children, due to his abuse of JFS, his biological, but not legal, daughter.

-1-

In February 2023, JFS reported being punched by respondent. After further investigation, the Department of Health and Human Services (DHHS) filed a permanent custody petition in May 2023 seeking termination of respondent's parental rights to CAZ and MAZ, citing respondent's sexual abuse of JFS. On May 12, 2023, the trial court held a preliminary hearing during which, among other allegations, Children's Protective Services Investigator Megan Wonsack reported that respondent and his girlfriend at the time had repeatedly sexually abused JFS anally, orally, digitally, and vaginally, that respondent showed JFS child pornography, and that respondent supplied JFS drugs, including cocaine, suboxone, and marijuana. At the time of the hearing, respondent was incarcerated for charges related to his abuse of JFS. The trial court's order following the preliminary hearing authorized the petition and, finding CAZ and MAZ at risk in respondent's care due to respondent's sexual abuse of JFS, released CAZ and MAZ into the care of their nonrespondent mother.

On January 26, 2024, the trial court held a hearing during which JFS testified about the nature and extent of the abuse she suffered from respondent and his girlfriend over the course of about four years. JFS explained how respondent performed vaginal, anal, and oral sex on her, directed her to send him nude photographs of herself performing various sexual acts, provided JFS access to several videos of himself masturbating, and showed her child pornography. JFS additionally stated that respondent had attempted to groom young children living across the street from him and directed JFS to support that effort. JFS also explained that respondent supplied her cocaine, vodka, and THC[1] and punched her on at least one occasion. Wonsack testified that termination of respondent's parental rights was in CAZ's and MAZ's best interests, despite their placement with their nonrespondent mother, because there was a risk of harm if respondent could eventually have contact with CAZ and MAZ.

The trial court exercised jurisdiction over CAZ and MAZ "based on the sexual abuse allegations regarding" JFS, but declined to terminate respondent's parental rights. The trial court concluded that "[w]ithout any testimony of why it was in [CAZ's and MAZ's] best interests for" respondent's parental rights to be terminated, it could not find that it was in their best interests. The trial court's order did not explore the statutory grounds for termination, but the box for "there are no statutory grounds to exercise jurisdiction over the child(ren)" was checked.

DHHS appealed the decision, and this Court concluded that the trial court had "erred by proceeding directly to the best-interests analysis without first determining whether a statutory ground for termination existed under MCL 712A.19b(3)." *In re Zervos*, unpublished per curiam opinion of the Court of Appeals, issued June 12, 2025 (Docket No. 369873), p 1. This Court therefore vacated the trial court's order and remanded for further proceedings as follows:

> On remand, the court must determine whether petitioner established a statutory ground for termination under MCL 712A.19b(3). If it finds such a ground, the court must then consider whether termination is in the best interests of the children, giving appropriate weight to the doctrine of anticipatory neglect and respondent's treatment of JFS. See, e.g., *In re Mota*, 334 Mich App 300, 323; 964 NW2d 881 (2020) (rejecting the respondent's "pseudo-psychological argument" that he was

---

[1] "Tetrahydrocannabinol, or THC, is the physiologically active component of marijuana." *People v Koon*, 494 Mich 1, 3 n 3; 832 NW2d 724 (2013).

not a danger to boys, emphasizing that "abuse is abuse"). [*In re Zervos*, unpub op at 1-2.]

On remand, in a hearing held on July 18, 2025, the trial court explained that in light of this Court's decision, it would "reverse itself, and that based upon the sexual abuse of the daughter, JFS, and under the doctrine of anticipatory neglect," it found statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*). The trial court went on to state that, on the basis of those statutory grounds, respondent's parental rights were being terminated. The trial court did not state a finding that termination was in the best interests of CAZ and MAZ.

In its written order issued on July 29, 2025, the trial court incorporated by reference its findings of fact and the testimony at the January 2024 hearing[2] and additionally found "that anticipatory neglect is a factor which should have been considered in this matter," "[t]hat the sexual abuse by respondent . . . of one child can be used as basis for anticipatory neglect of" respondent's other children, and "[t]hat the sexual abuse puts [CAZ and MAZ] at risk of abuse by" respondent. The court thus found that CAZ and MAZ were "without proper care and custody pursuant to" MCL 712A.2(b)(1) and (2),[3] that there were statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*), and that it was in CAZ's and MAZ's best interests for respondent's parental rights to be terminated. The court therefore terminated respondent's parental rights to CAZ and MAZ. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial "court's decision to exercise jurisdiction . . . for clear error in light of [its] finding[s] of fact." *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020) (quotation marks and citation omitted). This Court also reviews for clear error a trial court's findings that "one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence" and "that termination is in the child's best interests." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A trial court's decision is clearly erroneous '[i]f although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.' " *Id.* at 41, quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989) (alteration in original).

---

[2] The court misstated the date of the hearing as having occurred in January 2025. We have no doubt that this was an instance of scrivener's error, as there were no proceedings in the trial court after February 2024 until July 2025.

[3] Elsewhere in the order, the trial court affirmed that it had statutory grounds to exercise jurisdiction over the children under MCL 712A.2(b) for "failure to provide, when able to do so, support, education, medical, surgical, or other necessary care for health or morals" and for "an unfit home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent . . . ."

III. ANALYSIS

A. *JURISDICTION*

On appeal, respondent first contends that the trial court erred in finding that there was sufficient evidence to establish jurisdiction over CAZ and MAZ. Respondent specifically criticizes the trial court's invocation of the doctrine of anticipatory neglect, submitting that the doctrine is inapplicable because the abused child, JFS, is not a sibling of CAZ and MAZ. We find no clear error in the trial court's exercise of jurisdiction over CAZ and MAZ.

MCL 712A.2(b) enumerates the various grounds on which a trial court may assume jurisdiction over a child. The trial court predicated its jurisdiction over CAZ and MAZ on MCL 712A.2(b)(1), which provides a trial court jurisdiction over a child "[w]hose parent . . . neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals," and MCL 712A.2(b)(2), which allows a trial court to take jurisdiction over a child "[w]hose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in." The trial court explained that under the doctrine of anticipatory neglect, respondent's sexual abuse of JFS put CAZ and MAZ at risk of abuse by respondent.

Respondent's qualms with the trial court's jurisdictional determination center on the court's application of the doctrine of anticipatory neglect. "The doctrine of anticipatory neglect provides that how a parent treats one child is probative of how that parent may treat other children." *In re Mota*, 334 Mich App 300, 323; 964 NW2d 881 (2020). Respondent argues that the doctrine of anticipatory neglect does not apply because, as he is not JFS's legal father, the child he abused, JFS, is not a sibling of CAZ and MAZ, and the doctrine applies only when "there is an abuse of the sibling of the child" at issue.

We are not persuaded. We have never restricted the doctrine of anticipatory neglect to apply only when the abused child is a sibling of a child to whom the respondent risks having his or her parental rights terminated. Rather, the doctrine permits courts to consider a respondent's treatment of any "one child . . . probative of how [respondent] may treat other children." *Id.* Thus, we have applied the doctrine even when the abused child is not the respondent's child. See *id.* Indeed, "[t]o hold, as urged by respondent, that the . . . doctrine [of anticipatory neglect] applies only to parents who abuse or neglect their own children is contrary . . . to the rule that the purpose of child protective proceedings is to protect the child." *In re Powers*, 208 Mich App 582, 593; 528 NW2d 799 (1995), superseded by statute on other grounds as stated in *In re Jenks*, 281 Mich App 514, 517 n 2; 760 NW2d 297 (2008).

And regardless, the premise of respondent's argument is belied by the record. The abused child, JFS, *is* the sibling of CAZ and MAZ. "[S]ibling" is defined for purposes of the juvenile code, MCL 712A.1 *et seq*., including MCL 712A.2, which contains the grounds upon which a trial court may exercise jurisdiction over a child, as "a child who is related through birth or adoption by at least 1 common parent." MCL 712A.13a(1)(*l*). Children need not share a "legal" parent to be considered siblings; rather, their biological relation by at least one common parent suffices. See *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011) (explaining that when children

-4-

shared the same parent "and thus some of the same genetic makeup," the children were siblings and there was "no rational basis for forging a distinction between a legal sibling and biological sibling"). Respondent does not dispute that he is JFS's biological father. Further, Wonsack testified that respondent is JFS's biological father and that respondent has stated so himself. JFS also testified that respondent is her father and that CAZ and MAZ are her brothers. Because respondent is the biological father of JFS, CAZ, and MAZ, the three children are siblings.

Applying the doctrine of anticipatory neglect, we find no clear error in the trial court's jurisdictional determination. See *In re KV*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 374236); slip op at 7, citing *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2004) (noting that "[t]his Court has applied the doctrine . . . to support a jurisdictional finding under MCL 712A.2(b)"). Respondent's sexual abuse of JFS was probative of how respondent may treat CAZ and MAZ, see *In re Mota*, 334 Mich App at 323, and provided the trial court a sufficient evidentiary basis to conclude by a preponderance of the evidence that it could exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2), see *In re BZ*, 264 Mich App at 289, 296 (holding that the doctrine of anticipatory neglect would apply to confer jurisdiction over respondent's children on the basis of earlier injuries to their half-sibling).

B. STATUTORY GROUNDS

Respondent's next argument, that the trial court clearly erred by finding statutory grounds to terminate respondent's parental rights, employs much of the same reasoning as his critique of the trial court's jurisdictional determination. We are again unpersuaded.

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts*, 297 Mich App at 40. Applying the doctrine of anticipatory neglect, the trial court found statutory grounds for termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*), which allow termination of parental rights when the court finds by clear and convincing evidence that:

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.

(k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:

-5-

\* \* \*

      (*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

\* \* \*

      (*ix*) Sexual abuse as that term is defined in section 2 of the child protection law, 1975 PA 238, MCL 722.622.[4]

Respondent contends that insufficient evidence supports the trial court's termination of his parental rights to CAZ and MAZ on these statutory grounds because, as JFS is not CAZ and MAZ's sibling, the doctrine of anticipatory neglect is inapplicable, and there is no evidence that CAZ and MAZ would be harmed. As we have explained, however, respondent is JFS's biological father, and JFS, CAZ, and MAZ are siblings. See MCL 712A.13a(1)(*l*) (defining "[s]ibling[s]" as "child[ren] who [are] related through birth or adoption by at least 1 common parent," for purposes of the provision that sets forth the statutory grounds to terminate parental rights, MCL 712A.19b); see also *In re Hudson*, 294 Mich App at 266.

We find no clear error in the trial court's finding that statutory grounds for termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (k)(*ix*) existed. See *In re Olive/Metts*, 297 Mich App at 40. The doctrine of anticipatory neglect is useful for this analysis. See *In re KV*, ___Mich App at ____; slip op at 7, citing *In re Powers*, 208 Mich App at 592-593 ("This Court has applied the doctrine . . . to establish statutory grounds for termination under MCL 712A.19b(3)."). As we have described, JFS testified at length regarding the years-long sexual abuse she was subjected to by respondent, including the performance of various sexual acts, sending of sexually explicit photographs, and subjection to viewing child pornography. JFS additionally testified that respondent punched her on at least one occasion. Applying the doctrine of anticipatory neglect here, respondent's sexual and physical abuse of JFS is probative of how respondent may treat CAZ and MAZ. See *In re Mota*, 334 Mich App at 323.

In light of the doctrine of anticipatory neglect and given the extensive evidence of respondent's sexual and physical abuse of JFS, we find no clear error in the trial court's determination that, under MCL 712A.19b(3)(b)(*i*), respondent's actions caused CAZ and MAZ's sibling, JFS, to suffer physical injury or physical or sexual abuse and that there is a reasonable likelihood that CAZ and MAZ will suffer from injury or abuse in the foreseeable future if placed in respondent's home. Respondent's severe abuse of JFS raises major concerns about the safety of any children in respondent's care. As respondent abused one of his children, the trial court did not commit clear error in finding a reasonable likelihood that his other children would be harmed in his home. See *In re Hudson*, 294 Mich App at 266 (holding that clear and convincing evidence supported termination of the respondent's children under MCL 712A.19b(3)(b)(*i*) when the respondent sexually abused their half-sibling).

---

[4] MCL 722.622(q) defines "[c]onfirmed sexual abuse" as "a confirmed case that involves sexual penetration, sexual contact, attempted sexual penetration, or assault with intent to penetrate."

Similarly, the trial court did not clearly err in concluding, under MCL 712A.19b(3)(k)(*ii*) and (*ix*), that respondent abused CAZ and MAZ's sibling, JFS, that the abuse included criminal sexual conduct involving penetration, MCL 712A.19b(3)(k)(*ii*), and sexual abuse, MCL 712A.19b(3)(k)(*ix*), and that there is a reasonable likelihood that CAZ and MAZ will be harmed if returned to respondent's care. Again, JFS's testimony strongly supported the trial court's finding that JFS suffered sexual penetration and other sexual abuse at the hands of respondent, and this abuse is indicative of the harm CAZ and MAZ may suffer if returned to respondent's care. See *In re Hudson*, 294 Mich App at 266 (affirming termination of respondent's children under MCL 712A.19b(3)(k)(*ii*) when the respondent sexually abused their half-sibling); *In re Epps/Robinson*, unpublished per curiam opinion of the Court of Appeals, issued May 26, 2022 (Docket Nos. 358957 and 358958), p 6 (concluding that respondent's sexual abuse of one of his children supported the termination of his parental rights as to all of his minor children under MCL 712A.19b(3)(k)(*ix*)).[5]

We also note before proceeding that we are unpersuaded by respondent's reliance on our decision in *In re KV*, where we held that the doctrine of anticipatory neglect could not be used to find aggravated circumstances on the basis of the respondent's abuse of his stepdaughter. *In re KV*, ___Mich App at ___; slip op at 2, 6-8. The purpose of finding aggravated circumstances is to relieve DHHS of its obligation to make reasonable efforts toward reunification before seeking termination of parental rights. *Id.* at ___; slip op at 6. Our discussion in *In re KV* involved MCL 722.638(1)(a), which permits termination of "parental rights at the initial disposition if a parent . . . has abused the child or a sibling of the child and the abuse included . . . [c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." *Id.* at ___; slip op at 6 (quotation marks omitted; alteration in original). This language closely mirrors that of MCL 712A.19b(3)(k)(*ii*) and (*ix*), and respondent contends that because he is allegedly not the legal father of JFS and JFS, CAZ, and MAZ are not siblings, MCL 712A.19b(3)(k)(*ii*) and (*ix*) are inapplicable. We disagree. *In re KV* barred use of the doctrine of anticipatory neglect to find aggravated circumstances when the respondent abused a stepchild who was not a sibling of the respondent's child at issue in the termination of parental rights proceeding. *In re KV*, ___Mich App at ___; slip op at 7-8. But as we have explained, JFS, CAZ, and MAZ are siblings. Their relation does not impede application of the doctrine of anticipatory neglect in finding sufficient evidence to terminate respondent's parental rights under MCL 712A.19b(3)(k)(*ii*) and (*ix*).

Finally, we find no clear error in the trial court's conclusion that, under MCL 712A.19b(3)(j), there was a reasonable likelihood, based on respondent's conduct, that CAZ and MAZ would be harmed if they are returned to a respondent's home. See *In re Hudson*, 294 Mich App at 268. Again, under the doctrine of anticipatory neglect, it was reasonable to conclude that given the substantial evidence of respondent's abuse of JFS, CAZ and MAZ would also be harmed in respondent's home. See *In re Mota*, 334 Mich App at 323. And returning to respondent's argument that his lack of legal parentage of JFS hindered a finding that there were statutory grounds for termination, we also note that, to find grounds for termination under MCL

---

[5] "Unpublished opinions of this Court are not binding, but may be considered for their persuasive value." *In re Walters*, ___ Mich App ___, ___ n 5; ___ NW3d ___ (2025) (Docket No. 369318); slip op at 6 n 5.

712A.19b(3)(j), the abuse or criminal sexual conduct need not have occurred to the children at issue in a termination of parental rights proceeding or their siblings, unlike under MCL 712A.19b(3)(b)(*i*), (k)(*ii*), and (k)(*ix*). Thus, even if, as respondent contends, JFS is not CAZ and MAZ's sibling, respondent's conduct would still support a finding that there was a reasonable likelihood that CAZ and MAZ would be harmed if returned to respondent's home. See *id*. (applying the doctrine of anticipatory neglect even when the abused child was not the respondent's child). Statutory grounds of termination would therefore still exist under MCL 712A.19b(3)(j). See *In re Atchley*, 341 Mich App 332, 346 n 6; 990 NW2d 685 (2022) ("[O]nly one statutory ground for termination of a respondent's parental rights need be established.").

## C. BEST INTERESTS

Respondent lastly contends that the trial court erred in finding that it was in the best interests of CAZ and MAZ to terminate respondent's parental rights. We conclude that further proceedings are required for the trial court to complete its best-interest analysis.

"Even if the trial court finds that [DHHS] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). "The focus at the best-interest stage has always been on the child, not the parent." *In re Gentry*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 376583); slip op at 3 (quotation marks and citation omitted). In making this assessment, the trial court should weigh all available evidence before it, see *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000), and "consider 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home,' " *In re Boshell/Shelton*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371973); slip op at 10, quoting *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In addition, "[t]he fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's best interests." *In re Boshell/Shelton*, ___Mich App at ____; slip op at 10, quoting *In re Olive/Metts*, 297 Mich App at 43.

In its prior determination, the trial court had concluded that, due to the lack of "any testimony of why it was in the [children's] best interests for" respondent's parental rights to be terminated, it could not find that termination was in the CAZ's and MAZ's best interests. On appeal, we stated that if the trial court found a statutory ground for termination, it "must then consider whether termination is in the best interests of the children, giving appropriate weight to the doctrine of anticipatory neglect and respondent's treatment of JFS." *In re Zervos*, unpub op at 1-2. On remand, upon noting that respondent's sexual abuse of JFS could "be used as a basis for anticipatory neglect of" respondent's other children and that this abuse put CAZ and MAZ at risk of abuse by respondent, the trial court stated that it was in the children's best interests for respondent's parental rights to be terminated.

Per our instructions and given the facts at hand, respondent's abuse of JFS was indeed an appropriate factor for the trial court to weigh in its best-interest analysis. See *In re KV*, ___Mich App at ____; slip op at 7, citing *In re Mota*, 334 Mich App at 323 (explaining that we have applied

the doctrine of anticipatory neglect "to assess the best interests of the child under MCL 7121.19b(5)"). However, the record does not make clear whether the trial court considered any other factors, hindering our appellate review and ability to discern how other factors, if at all considered by the trial court, weighed in the court's best-interest analysis and impacted its ultimate conclusion that termination was in CAZ's and MAZ's best interests. Most notable is the lack of any discussion as to how the children's placement with their mother at the time of the termination hearing weighed into the analysis, a factor that a trial court must explicitly consider. See *In re Boshell/Shelton*, ___Mich App at ____; slip op at 10; see also *In re Gentry*, ___Mich App at ____; slip op at 4-5. "Placement with a relative weighs against termination, but that fact is not dispositive[;] . . . a trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *In re Atchley*, 341 Mich App at 347 (quotation marks and citation omitted). Still, a trial court's "failure to explicitly address whether termination is appropriate in light of the children's placement with [a] relative[] renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Boshell/Shelton*, ___Mich App at ____; slip op at 10, quoting *In re Olive/Metts*, 297 Mich App at 43.

We therefore vacate and remand for further consideration of whether termination is in CAZ's and MAZ's best interests, not only in light of the doctrine of anticipatory neglect and respondent's treatment of JFS as we previously directed, but also with the necessary regard to CAZ and MAZ's placement with their mother and considering any other relevant factors.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi